ALFREDO SANTIAGO, Indiv. and as representative of a class of persons similarly situated, Plaintiff-Appellee, v. STANLEY T. KUSPER, JR., County Clerk of Cook County, et al., Defendants-Appellants.

First District (4th Division) No. 87—3398

Opinion filed September 1, 1988.

JIGANTI, P.J., dissenting.

Richard M. Daley, State's Attorney, of Chicago (Catherine A. Quirk, Joan S. Cherry, and Susan Condon, Assistant State's Attorneys, of counsel), for appellants.

Arnold M. Flamm and Matthew A. Flamm, both of Orlikoff & Flamm, and Harry A. Young, Jr., of Neistein, Richman, Hauslinger & Young, both of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This is an interlocutory appeal by defendants, Stanley T. Kusper, Jr., County Clerk of Cook County (hereinafter County Clerk), Edward J. Rosewell, County Treasurer of Cook County (hereinafter Treasurer), and the County of Cook, from an order of the circuit court of Cook County denying their motion to dismiss the complaint of plaintiff, Alfredo Santiago, for failure to state a cause of action upon which relief could be granted. We will only discuss the issue certified, pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), concerning whether the $10 portion of the real estate taxes assessed as the "collector's costs" is authorized under the Revenue Act of 1939 and "An Act to provide for the fees of the sheriff, recorder and county clerk ***" (the Salaries and Fees Act), respectively (Ill. Rev. Stat. 1985, ch. 120, par. 482 *et seq.*; Ill. Rev. Stat. 1985, ch. 53, par. 71 *et seq.*).

We reverse.

Plaintiff is the owner of a parcel of real estate located in Cook County, Illinois. He does not deny that he failed to pay the 1984 taxes on the said parcel. On November 8, 1985, the Treasurer filed his "Application for Judgment and Order of Sale" against those property owners, including plaintiff, who had not yet paid their 1984 real estate taxes. The Treasurer notified delinquent taxpayers by certified mail of the application proceedings and the date of the tax sale. Subsequently, on November 22, 1985, a judgment and an order of sale was rendered against those properties listed on the application. Plaintiff's property was eventually sold during a tax sale on January 31, 1986. On or about October 16, 1986, plaintiff paid the County Clerk the required amount to redeem the property from the tax sale. This amount included a $10 fee for costs. At the time he redeemed the property, he filed a protest against the fee in the County Clerk's office and a class action complaint in the circuit court of Cook County.

Count I of plaintiff's complaint sought declaration that the part of the real estate taxes levied as "costs" is not statutorily authorized. It also sought to permanently enjoin defendants from assessing costs and an accounting of all such costs collected 10 years prior to this action. In count II, plaintiff sought relief under 42 U.S.C. §1983 (1988) and attorney fees and costs pursuant to 42 U.S.C. §1988 (1988). Defendants moved for dismissal on the ground that plaintiff failed to state a cause of action upon which relief could be granted.

On March 10, 1987, the trial court denied defendants' motion to dismiss count I and granted the motion as to count II. Defendants moved for reconsideration as to the dismissal of count I, which was denied on April 13, 1987. On May 28, the trial court entered an order requiring that all $10 payments be placed in a separate interest-bearing fund pending final adjudication. The order further enjoined defendants from disbursing any sum from that fund. In the same order the court certified the cause as a class action. Thereafter, the defendants filed a motion for findings, pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), which was granted.

Plaintiff claims that the $10 assessed is a tax not authorized by law. He acknowledges the fact that several sections in the Revenue Act (Ill. Rev. Stat. 1985, ch. 120, pars. 711, 714, 716) and a section of the Salaries and Fees Act (Ill. Rev. Stat. 1985, ch. 53, par. 73) permit the Treasurer to assess costs from a tax sale. However, plaintiff contends that these sections are not discretionary and do not specifically empower defendants to charge $10 as costs. He suggests that the costs stated in the above sections refer to other provisions of these Acts that specifically grant a certain amount for costs. Ill. Rev. Stat. 1985, ch. 120, pars. 728a, 734; Ill. Rev. Stat. 1985, ch. 53, par. 73.

Defendants, on the other hand, contend that they are legally entitled to impose costs. They claim that an unauthorized tax exists where there is a complete lack of power to assess as opposed to an assessment that is improper. Since plaintiff admits that requiring the payment of costs is sanctioned, defendants assert that plaintiff's argument is based on the legality of the amount of tax levied as costs and not whether the tax is permissible. Defendants rely on the Illinois Supreme Court decision *Inolex Corp. v. Rosewell* (1978), 72 Ill. 2d 198. That case held that failure to notify taxpayers of an assessment, as required under the Revenue Act, does not render the tax "unauthorized by law." (*Inolex*, 72 Ill. 2d at 201-02.) Defendants also cite *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, which held that an allegedly excessive tax is not an unauthorized tax. *Lakefront Realty Corp.*, 19 Ill. 2d at 421.

■■ ■ Defendants' right to charge costs is expressly granted in the Revenue Act (Ill. Rev. Stat. 1985, ch. 120, pars. 706, 711, 713, 714, 716, 728) and in the Salaries and Fees Act (Ill. Rev. Stat. 1985, ch. 53, par. 73). Consequently, we agree with defendants that the issue here is not whether the tax levied as costs was unauthorized or authorized, but whether defendants properly exercised their taxing power. The authority to tax and the abuse of that power are two separate issues. Here, we do not find that defendants improperly exer-

cised their taxing authority. We find the $10 fee levied as costs was an appropriate sum. As support for our finding, we note that subsequent to this action the legislature amended section 230 of the Revenue Act to specifically allow defendants to levy $10 for costs from the proceeds of each tax sale. Ill. Rev. Stat. 1987, ch. 120, par. 711.

This court is aware of the holding to the contrary in *W. F. Smith & Co. v. Rosewell* (1984), 123 Ill. App. 3d 939, a case that is strongly relied upon by plaintiff. However, this decision was rendered by a different division in the First District and we do not choose to follow it.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

LINN, J., concurs.

PRESIDING JUSTICE JIGANTI, dissenting:

In *W. F. Smith & Co. v. Rosewell* (1984), 123 Ill. App. 3d 939, 463 N.E.2d 1024, the court reasoned that costs are purely statutory and they depend entirely upon the terms of the statute authorizing them. Where the costs assessed exceed those authorized by the statute, there is no authority and consequently no power to impose those costs. I would adopt the reasoning of *Smith* and affirm the judgment of the trial court.