LOWELL KOUSINS *et al.*, on behalf of themselves and all other persons similarly situated, Plaintiffs-Appellants, v. JACK ANDERSON, County Collector and County Treasurer of Lake County, *et al.*, Defendants-Appellees.

Second District   No. 2—88—0764

Opinion filed April 12, 1989.—Rehearing denied April 21, 1989.

Larry D. Drury, of Larry D. Drury, Ltd., of Chicago, for appellants.

Fred L. Foreman, State's Attorney, of Waukegan (Helen S. Rozenberg and Joseph E. Kolar, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs appeal from the order of the circuit court of Lake County dismissing their amended complaint with prejudice. The trial court held that plaintiffs had an adequate remedy at law and therefore the court lacked jurisdiction in equity to hear plaintiffs' claims. Appeal dismissed.

The named plaintiffs, Lowell and Carol Kousins, reside in Lake County, Illinois. Plaintiffs' real estate taxes for the year 1984 were $3,856.98. This tax liability was to be paid in two equal installments of $1,928.49. The first installment was due on June 2, 1985, and the second installment due on September 3, 1985. Plaintiffs made their first installment payment on July 12, 1985.

On or about July 21, 1985, plaintiffs received notice that they were being charged a penalty of $57.85 because their payment was delinquent. This penalty was calculated as 1½% per month on the unpaid installment, or $28.92 for June and July. Plaintiffs paid the $57.85 penalty on July 21, 1985.

Plaintiffs filed a complaint on March 28, 1988, and an amended class action complaint on April 13, 1988. Plaintiffs contended, *inter alia*, that any penalty imposed after the date of payment is unauthorized. Plaintiffs sought injunctive and declaratory relief. Defendants filed a motion to dismiss.

On June 22, 1988, the court granted defendants' motion to dismiss with prejudice. The court found that the Revenue Act of 1939 provided plaintiffs with an adequate remedy at law by which they could contest the charge. (Ill. Rev. Stat. 1987, ch. 120, par. 716.) Also, the court found that, while sitting as a court of equity, it did not have jurisdiction to rule on plaintiffs' claims.

On June 29, 1988, defendants filed a motion for attorney fees and costs pursuant to section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). On July 11, 1988, plaintiffs filed a motion to dismiss defendants' motion and their own motion for attorney fees and costs pursuant to section 2—611. On July 13, 1988, plaintiffs filed a notice of appeal. Plaintiffs appeal from the June 22, 1988, order dismissing their complaint with prejudice.

Before addressing the merits of this case, we must first determine if this court has jurisdiction to hear this appeal since there are pending section 2—611 motions and there is no finding pursuant to Rule 304(a) by the trial court. 107 Ill. 2d R. 304(a).

Supreme Court Rule 304(a) provides in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." (107 Ill. 2d R. 304(a).)

Section 2—611 of the Illinois Code of Civil Procedure provides in pertinent part:

> "All proceedings under this Section shall be within, and part of the civil action in which the pleading, motion or other paper referred to herein has been filed, and no violation or alleged violation of this Section shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question,

and by, on behalf of or against any attorney or insurance company involved in the civil action in question." (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.)

The above language was added to section 2—611 when the section was amended by Public Act 84—1431, effective November 25, 1986.

Prior to the amendment, in *Hise v. Hull* (1983), 116 Ill. App. 3d 681, the court dismissed an appeal from an order granting a motion to dismiss. A request for section 2—611 sanctions was included in the motion and had not been ruled upon prior to the filing of a notice of appeal. The court held that in the absence of a Rule 304(a) finding, it was not an appealable order because it did not dispose of all pending claims. (*Hise*, 116 Ill. App. 3d at 684.) The court stated, however, that had the section 2—611 claim not been included in the motion to dismiss and been timely filed after the judgment was entered, the pending section 2—611 claim would not prevent an appeal from the decision on the initial claim absent a Rule 304(a) finding. (*Hise*, 116 Ill. App. 3d at 684.) This decision was affirmed in *Withall v. Capitol Federal Savings of America* (1987), 164 Ill. App. 3d 851 (court held that section 2—611 claims could be brought as separate actions and would not affect the appealability of the disposition of the underlying claims).) Both *Hise* and *Withall* were decided prior to the amending of section 2—611.

■ This court has recently had the opportunity to interpret section 2—611 as amended. In *Palmisano v. Connell* (1989), 179 Ill. App. 3d 1089, we held "that if a section 2—611 claim is timely filed, no appeal may be taken from the underlying judgment absent a Rule 304(a) finding until the section 2—611 claim is resolved." (*Palmisano*, 179 Ill. App. 3d at 1095.) "It is clear *** that section 2—611 claims must now be considered part of the civil action which gave rise to the claim and cannot be considered separate actions." *Palmisano*, 179 Ill. App. 3d at 1095; see also *Herman v. Fitzgerald* (1989), 178 Ill. App. 3d 865, 869.

■ In the case at bar, the motions for sanctions pursuant to section 2—611 were timely filed and must be considered part of the underlying claim. Absent a resolution of the section 2—611 claims, or the requisite Rule 304(a) finding that there is no just reason to delay enforcement or appeal from the order dismissing the complaint, our jurisdiction is not invoked.

For the above-stated reasons we must dismiss the instant appeal.

*Appeal dismissed.*

UNVERZAGT, P.J., and DUNN, J., concur.