(No. 67704.—

ALFREDO SANTIAGO, Indiv. and as representative of a class of persons similarly situated, Appellant, v. STANLEY T. KUSPER, JR., County Clerk of Cook County, *et al.*, Appellees.

*Opinion filed January 17, 1990.*

Arnold M. Flamm and Matthew A. Flamm, of Orlikoff & Flamm, and Harry A. Young, Jr., of Neistein, Richman, Hauslinger & Young, Ltd., all of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Deputy State's Attorney, and Mark R. Davis, Susan Condon and Catherine Quirk Delahunt, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE MILLER delivered the opinion of the court:

On October 16, 1986, the plaintiff, Alfredo Santiago, brought a class action suit in equity in the circuit court of Cook County against defendants Stanley T. Kusper, Jr., county clerk of Cook County (clerk), Edward J. Rosewell, county treasurer of Cook County (treasurer), and the County of Cook. Plaintiff sought, among other things, a declaratory judgment finding that defendants for several years had required payment of an unlawful tax described as "costs" from persons who paid delinquent real estate taxes, purchased real estate taxes at tax sales, or redeemed real estate subsequent to a tax sale. The complaint also sought judgment enjoining defendants from further attempting to collect these "costs" and an accounting to the class for the money improperly collected prior to the entry of the judgment. Defendants filed a motion to dismiss, claiming that plaintiff failed to state a cause of action for which equitable relief could be granted. The trial judge denied defendants' motion, as well as a subsequent motion for reconsideration. The trial judge then certified to the appellate

court questions of law pursuant to Illinois Supreme Court Rule 308 (107 Ill. 2d R. 308), and the appellate court granted defendants leave to appeal.

The appellate court, with one justice dissenting, reversed the trial court's order denying defendants' motion to dismiss. The appellate court held that the action did not lie in equity because the "costs" at issue are authorized by statute and that the amount assessed was appropriate. (174 Ill. App. 3d 1065.) We allowed plaintiff's petition for leave to appeal from the appellate court's judgment pursuant to Supreme Court Rule 315 (107 Ill. 2d R. 315).

Plaintiff owns a parcel of real estate located in Cook County. He failed to pay the general real estate taxes assessed on the land in 1984. After his failure to make payment on the due date of the second installment, he received notice that he must pay the taxes due, plus accrued interest and costs, in order to avoid legal action. Upon his failure to respond to the notice, plaintiff's name was included among a list of property owners who had failed to remit their 1984 real estate taxes. The list was attached to an application for judgment and order of sale filed by the treasurer in the circuit court of Cook County on November 8, 1985. On November 22, 1985, a judgment and order of sale against those properties on the application list was entered in the circuit court.

On January 31, 1986, pursuant to the judgment, plaintiff's taxes were sold for a sum which included an assessment of $10 for "costs." Plaintiff subsequently redeemed the property from the tax sale on October 16, 1986, for a price which included the $10 charge. At that time, he filed in the clerk's office a protest against the fee. He also filed this class action in the circuit court of Cook County.

In count I of his complaint, plaintiff sought a declaration that the portion of the judgment assessed against

his tax delinquent property labeled as "costs" was not authorized by any law or ordinance. He further sought to permanently enjoin defendants from collecting or attempting to collect these costs, an accounting on behalf of the class of all such costs collected in the past 10 years and a refund of the collected costs to the appropriate parties. Count II of the complaint sought relief under 42 U.S.C. §1983 (1988) and attorney fees and costs pursuant to 42 U.S.C. §1988 (1988).

Defendants thereafter filed a motion to dismiss, claiming that plaintiff failed to state a cause of action for which relief could be granted. In their motion, defendants contended that the suit filed did not fit within any exception to the rule barring equitable relief in tax cases. Defendants also argued that plaintiff's claim was an impermissible collateral attack on the tax judgment previously entered against him. They further urged that plaintiff's claim for a refund for taxes previously paid was barred by the voluntary payment doctrine. Defendants contended that count II should be dismissed because there existed an adequate State remedy.

On March 10, 1987, the trial court denied defendants' motion to dismiss count I and granted the motion as to count II. Count II is not involved in this appeal. Defendants then moved for reconsideration of the denial to dismiss count I, which the trial judge denied on April 13, 1987. The trial judge subsequently required that defendants place all $10 payments for costs assessed on delinquent tax sales in a separate interest-bearing fund pending final adjudication and enjoined the defendants from disbursing any sum from that fund. He also certified the cause as a class action.

Defendants thereafter filed a motion for a finding by the trial court pursuant to Illinois Supreme Court Rule 308 (107 Ill. 2d R. 308) that there were substantial grounds for a difference of opinion on several threshold

issues raised by defendants' motion to dismiss. On October 21, 1987, the trial court granted defendants' motion and certified the following three questions:

"(1) Whether the $10 cost challenged by the complaint filed in this case is authorized by Sections 230, 233, 235 or 253 of the Revenue Act of 1939 (Ill. Rev. Stat., Ch. 120, ¶711, ¶714, ¶716, ¶734) or by Ill. Rev. Stat., Ch. 53, ¶40 or ¶73, so as to deprive the circuit court of chancery jurisdiction under the rule of law established by *Lakefront Realty Corporation v. Lorenz*, 19 Ill. 2d 415, or *Clarendon Associates v. Korzen*, 56 Ill. 2d 101.

(2) Whether, if the Court holds that the $10 cost is unauthorized, the plaintiff is nevertheless precluded from bringing this action in equity by reason of the existence of an adequate remedy at law.

(3) Whether the plaintiff's claim for a refund of taxes previously paid is barred by the voluntary payment doctrine."

On appeal, the appellate court reversed the trial court's denial of defendants' motion to dismiss count I. The majority answered the first certified question of law in the affirmative by holding that the costs assessed were authorized and hence plaintiff could not bring suit in equity. The appellate court did not address the remaining certified questions. In answering the first of the certified questions, the appellate court held that defendants' right to charge certain costs is expressly granted in the Revenue Act and the Salaries and Fees Act and that defendants' exercise of that right in collecting the $10 fee was reasonable. (174 Ill. App. 3d at 1067-68.) The appellate court supported its finding by noting that the General Assembly amended section 230 of the Revenue Act subsequent to the appellate court's previous holding in *W.F. Smith & Co. v. Rosewell* (1984), 123 Ill. App. 3d 939, which determined that the $10 charge was unauthorized. The appellate court found that the subsequent amendment was in response to the *W.F. Smith &*

*Co.* decision and confirmed that the $10 charge was authorized under the original statute. The dissenting justice believed that the charge was unjustified and, adopting the reasoning in *W.F. Smith & Co.*, would have affirmed the judgment of the trial court. 174 Ill. App. 3d at 1068 (Jiganti, P.J., dissenting).

The question of law first certified by the trial court is whether plaintiff can avail himself of chancery jurisdiction to contest the $10 cost assessed to his tax delinquent property. We note that costs are deemed by statute as a tax under the Revenue Act of 1939. See Ill. Rev. Stat. 1985, ch. 120, par. 482(11).

An action concerning the collection of taxes will arise in equity only where the tax is unauthorized by law, where the tax is levied upon exempt property, or where there exists no adequate remedy at law. (*Inolex Corp. v. Rosewell* (1978), 72 Ill. 2d 198, 201-02.) Plaintiff contends that the costs assessed were unauthorized by law, availing him of chancery jurisdiction. Defendants admit that "no single statutory cost provision has ever provided for some generic 'costs' in the amount of $10.00." However, defendants point to the following four statutes which they argue in the aggregate provide them with authority to assess plaintiff the $10 fee: (1) a provision in section 3 of "An Act to provide for the fees of the sheriff, recorder and county clerk in counties of the third class," which allows a four cent fee for entering judgment (Ill. Rev. Stat. 1985, ch. 53, par. 73); (2) a companion provision in section 3 of the same act which allows the assessment of five cents for each tract sold to reimburse the county for making the required list of delinquent property (Ill. Rev. Stat. 1985, ch. 53, par. 73); (3) section 22 of "An Act concerning fees and salaries, and to classify the several counties of this state with reference thereto" (Fees and Salaries Act) (Ill. Rev. Stat. 1985, ch. 53, par. 40), since amended, which allowed

printer costs for advertising the delinquent list at the rate of 40 cents per column line; and (4) section 230 of the Revenue Act of 1939, since amended, which allowed reimbursement to the collector for the cost of the required notice to property owners prior to a tax sale. Section 230 of the Revenue Act of 1939 provided that "[t]he cost of such registered or certified mailing shall be recoverable by the collector from the proceeds of the sale." (Ill. Rev. Stat. 1985, ch. 120, par. 711.) Although defendants contend that the "cost" of mailing the notice includes additional expenses, the parties stipulated that the postage rate for certified mail at the time of suit was $1.67 for the purpose of aiding the court in its decision.

Initially, we note that the clerk's decision to collect the four items in an aggregate sum is at most a procedural claim barred in equity. (See *Inolex Corp. v. Rosewell* (1978), 72 Ill. 2d 198; *North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540.) Plaintiff contends, however, that even if defendants could legally aggregate the four items into one sum, the provisions would add up to only $2.16. Any cost assessed beyond this amount, according to plaintiff, is an unauthorized tax which avails him of chancery jurisdiction. The issue to be decided here is whether the difference between the $10 cost assessed and the $2.16 figure, which plaintiff contends is the maximum amount allowed by statute, is an unauthorized tax.

Public officials have no taxing power except for that which is delegated to them by the legislature. (See Ill. Const. 1970, art. IX, §10; *Village of Lombard v. Illinois Bell Telephone Co.* (1950), 405 Ill. 209, 214.) This court has consistently held that a tax is authorized and an action challenging its collection rests exclusively at law when the legislature has given a public official discretion in its assessment. (See, *e.g., Schlenz v. Castle* (1986), 115 Ill. 2d 135, 141-42; *Inolex Corp. v. Rosewell* (1978), 72 Ill. 2d 198, 201-02; *North Pier Terminal Co. v. Tully*

(1976), 62 Ill. 2d 540, 546; *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 105; *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d at 417-18.) However, where the General Assembly relinquishes no discretion to the public official, any "excess" charge beyond the amount specifically authorized by statute is an unauthorized tax (*cf. People v. Anderson* (1942), 380 Ill. 158, 169 ("Costs are purely statutory, and their allowance depends entirely upon the terms of the statute authorizing them")), and a challenge to that tax may be heard in equity. Therefore, if at least one of the four statutes relied on by defendants confers on them discretion to determine the amount of costs to be assessed, defendants were given the authority to assess the tax and plaintiff cannot rely on this basis for chancery jurisdiction. However, if none of the provisions confer on defendants discretion in the amount they are able to assess, the tax is unauthorized and plaintiff's action arises in equity.

Although there is some dispute as to whether the $10 cost assessment includes the four cent judgment fee and the five cent tax for compiling the delinquent list, the outcome of that dispute would not affect our decision. Defendants admit that the General Assembly has specifically fixed these costs. The cost assessed for the judgment fee and for compiling the delinquent list therefore cannot be a source of authority for defendants to tax beyond the explicitly enumerated fee set forth in section 3 of "An Act to provide for the fees of the sheriff, recorder and county clerk in counties of the third class" (Ill. Rev. Stat. 1985, ch. 53, par. 73).

Nor does the statute allowing 40 cents per column line to cover the cost of advertising the delinquent list provide a basis for discretion. Under section 22 of the Salaries and Fees Act (Ill. Rev. Stat. 1985, ch. 53, par. 40), the clerk may only count up the number of column lines in the advertisement, multiply that number by the

40 cents per column line authorized by the statute, and charge that amount to the owner or purchaser of the property. The parties have stipulated that only one column line was necessary to advertise plaintiff's delinquency.

Defendants must therefore find their authority to assess costs above the $2.16 amount calculated by plaintiff in the mailing costs provision of section 230 of the Revenue Act (Ill. Rev. Stat. 1985, ch. 120, par. 711). This provision provides for the assessment by the collector of the costs of sending the notice of sale to the property owner by registered or certified mail. Plaintiff asserts that the statute limits defendants to assessing the delinquent taxpayer the $1.67 amount that defendants are charged by the postal service for certified mail. Defendants contend that the absence of a specified sum in the provision allows the collector the discretion to charge a reasonable fee to cover the total cost of the mailing. Defendants argue that all of the collector's expenses for providing the notice to delinquent taxpayers, not just the rate charged by the postal service for registered or certified mail, should be included in that assessment. If the General Assembly wished to limit the amount charged to "postage" only, defendants argue, it could have done so.

We find that the provision in question here is ambiguous. In resolving ambiguous statutes, it is incumbent upon courts to construe and interpret the statute so as to effect the intent of the legislature. (*People v. Goins* (1988), 119 Ill. 2d 259, 265.) The court must construe an act so the legislative scheme is harmonious and consistent in all its parts. (*People ex rel. Roan v. Wilson* (1950), 405 Ill. 122, 127-28.) With this in mind, we note that in the three other statutory provisions concerning assessment of costs analyzed here, the General Assembly fixed specific or certain costs which the clerk or collector was authorized to assess to persons who paid delinquent real

estate taxes, purchased real estate taxes at tax sales, or redeemed real estate subsequent to a tax sale. (See also, *e.g.*, Ill. Rev. Stat. 1987, ch. 53, par. 73 ($5 sealing fee).) Yet in section 230, the General Assembly failed to specify an amount or otherwise reference a certain sum. It instead left the amount of the cost open-ended. Because the legislature did not fix an amount that the collector must charge for the cost of mailing the notice, it can be inferred from the legislative scheme that the legislature delegated the duty of calculating that cost to the collector.

Further support for a determination that the legislature granted the collector discretion to charge a reasonable amount for the mailed notice apprising the delinquent taxpayer of the tax sale is found in the long history of the collector's flat-rate cost assessment, for several years in the amount of $5 and then later increased in 1980 to the current $10 charge. Generally, deference is accorded such a long-standing construction of an ambiguous statute by the officials charged with its enforcement. (*In re Application of Rosewell* (1987), 117 Ill. 2d 479, 487.) We cannot agree with plaintiff that defendants cannot rely on this long-standing construction because the collector did not rely on section 230 of the Revenue Act to justify the $10 charge in *W.F. Smith & Co. v. Rosewell*, 123 Ill. App. 3d 939, a case which held invalid the $10 charge. Failure to raise an argument in one suit should not serve to nullify or waive the statutory construction of previous officials or, more importantly, the officials who relied on such a construction when assessing the costs currently under attack.

Less than six months after the circuit court found in the case at bar that the $10 cost was unauthorized, and three years after the appellate court filed its decision in *W.F. Smith & Co.*, the General Assembly amended section 230 of the Revenue Act (Pub. Act 85—1007 §2, eff.

Jan. 21, 1988 (amending Ill. Rev. Stat. 1987, ch. 120, par. 711)). The amendment adds to section 230 the following language:

> "The collector shall collect $10 from the proceeds of each sale to cover the costs of registered or certified mailing and the costs of advertisement and publication." (Ill. Rev. Stat., 1988 Supp., ch. 120, par. 711.)

Although an amendment generally is presumed to change the law, if an amendment to an ambiguous statute is enacted soon after there were controversies as to the interpretation of the statute it amends, the amendment may be construed as a legislative interpretation of the original statute. (*People v. Rink* (1983), 97 Ill. 2d 533, 540-41.) Here, the amendment came soon after there were controversies as to the interpretation of the statute and confirms the legislature's grant of authority to the collector to assess an amount in excess of the amount the postal service charges for a certified or registered mailing. The General Assembly's delegation to the collector of the authority to calculate the cost of sending the notice by certified mail seems clear.

We find wanting plaintiff's contention that the amendment does not aid in the interpretation of the statute. Plaintiff argues that because the statute authorizes collection of taxes "from the proceeds of the sale," the statute applies only to properties sold at a tax sale and not to properties on which delinquent taxes are paid prior to sale. However, plaintiff's argument would apply equally as well to the unamended statute; both statutes authorize the collector to retrieve the costs from the proceeds of each sale. Because there is no record that plaintiff attacked the $10 charge on these grounds in the proceedings which were held prior to the amendment, plaintiff has waived any argument here. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147.

Moreover, plaintiff's construction of section 230 requiring the collector to deduct mailing costs before turning the tax proceeds over to the taxing bodies, rather than assessing the cost to the taxpayer, is equally untenable. Plaintiff's construction would render the provision unconstitutional (see *Board of Commissioners v. County of Du Page* (1983), 96 Ill. 2d 378), and we therefore reject it (see *Cronin v. Lindberg* (1976), 66 Ill. 2d 47, 60 (where two constructions are possible, the unconstitutional alternative must be discarded); *Village of Oak Lawn v. Rosewell* (1986), 113 Ill. 2d 104 (assessment of penalties against delinquent taxpayers allowable if paid by taxpayer and not taxing bodies)).

For the reasons explained herein, we hold that section 230 of the Revenue Act granted the collector discretion to determine the cost incurred when providing the landowner notice of delinquency by certified mail prior to the tax sale. The collector incurs other costs in addition to that charged by the postal service, including expenses for paper, envelopes and labor. We believe that the legislature, when it enacted section 230 of the Revenue Act of 1939, gave the collector discretion to assess a reasonable amount for these expenses.

Because we hold that the $10 cost assessment was an authorized tax, the second certified question is moot; we would be called upon to address the second question as presented to us only if we held that the assessment was unauthorized (see *State ex rel. Skinner v. Lombard Co.* (1982), 106 Ill. App. 3d 307, 311 (reviewing courts should not stray beyond the specific questions certified by the trial court)). In addition, we note that plaintiff in his complaint did not allege, as a basis for equitable jurisdiction, the absence of an adequate remedy at law. Without such an allegation, resolution of the second certified question would be premature even if less restrictively framed. Similarly, resolution of the third certified ques-

tion, whether plaintiff's claim for a refund of taxes previously paid is barred by the voluntary payment doctrine, is premature without a complaint alleging otherwise adequate grounds for relief. Accordingly, we do not answer the second and third questions certified by the trial judge.

Because the appellate court made findings beyond the questions certified by the trial court, the judgment of the appellate court is vacated. The cause is remanded to the trial court for further proceedings consistent with this opinion.

*Certified question answered;*
*appellate court judgment vacated;*
*cause remanded.*