LOWELL KOUSINS *et al.*, Indiv. and on Behalf of All Others Similarly Situated, Plaintiffs-Appellees and Cross-Appellants, v. JACK ANDERSON, County Collector and County Treasurer of Lake County, *et al.*, Defendants-Appellants and Cross-Appellees.

Second District   Nos. 2—91—0613, 2—91—0814 cons.

Opinion filed May 29, 1992.—Rehearing denied June 29, 1992.

McLAREN, J., specially concurring.

Michael J. Waller, State's Attorney, of Waukegan (Michael E. Bevis, and Mitchell L. Hoffman, Assistant State's Attorneys, of counsel), for appellants.

Larry D. Drury, Ltd., of Chicago (Larry D. Drury, of counsel), for appellees.

JUSTICE NICKELS delivered the opinion of the court:

Plaintiffs, Lowell and Carol Kousins (taxpayers), filed a three-count complaint alleging breach of statute and seeking injunctive and declaratory relief from an imposition of a 1½%-per-month interest penalty imposed on delinquent real estate taxes. After dismissing that portion of the taxpayers' complaint related to such interest penalties that accrued after the effective date of the amendment of the Revenue Act of 1939 (Ill. Rev. Stat. 1989, ch. 120, par. 705), the circuit court granted the taxpayers' motion for summary judgment as to counts I and II for the penalties accruing prior to the amendment (see Ill. Rev. Stat. 1987, ch. 120, par. 705). However, the circuit court granted defendant's (county's) motion for summary judgment as to count III, which asserted a due process violation of the taxpayers' civil rights based on the same alleged unauthorized conduct, as cumulative. Both the taxpayers and the county now appeal.

The county asserts that the circuit court erred in granting the taxpayers' motion for summary judgment as to counts I and II and that the county was entitled to summary judgment as a matter of law because: (1) the Illinois Supreme Court's recent decision in *San-*

*tiago v. Kusper* (1990), 133 Ill. 2d 318, requires a finding that the county's assessment and collection of the penalty on a monthly basis was authorized by law; (2) the long-standing and uniform construction placed on section 224 of the Revenue Act of 1939 by virtually every county in the State and the legislature's subsequent amendment of section 224 to provide imposition of the interest penalty "per month or portion thereof" was evidence of the proper construction to be placed on the ambiguous statute; and (3) the voluntary payment doctrine precluded the taxpayers' claims. The taxpayers cross-appeal, asserting that: (1) the circuit court's dismissal of its claim for relief from penalties imposed after the amendment of the Revenue Act of 1939 on January 1, 1990, was an abuse of discretion because the unambiguous language of amended section 224 did not authorize the county to collect penalties assessed on a monthly basis; (2) the circuit court erred in refusing to certify a defendant class; and (3) the circuit court abused its discretion in granting the county's motion for summary judgment on count III, which alleged a due process violation of the taxpayers' civil rights. Initially, we affirm the circuit court's dismissal of the taxpayers' claim relative to interest penalties imposed after January 1, 1990. As to the taxpayers' claims arising under the prior version of section 224, we affirm the grant of summary judgment as to count III and reverse as to counts I and II because the county was entitled to summary judgment as to all counts of the taxpayers' complaint as a matter of law.

The taxpayers paid the first installment of their 1984 real estate taxes, which was due on June 2, 1985, on July 12, 1985. The county notified the taxpayers that they were being charged 1½% interest as a penalty on their delinquent taxes pursuant to section 224 of the Revenue Act of 1939 (Ill. Rev. Stat. 1989, ch. 120, par. 705) for the entire month of June and the entire month of July, which the taxpayers paid without protest on July 21, 1985. The taxpayers thereafter filed a class action alleging that the imposition of the interest penalty subsequent to their July 12, 1985, payment of their real estate taxes was unauthorized by law and seeking injunctive and declaratory relief. The circuit court granted the county's motion to dismiss holding that the taxpayers failed to establish that the complained-of penalty was unauthorized by law and that the court was, therefore, without equity jurisdiction. See, *e.g.,* *W.F. Smith & Co. v. Rosewell* (1984), 123 Ill. App. 3d 939, 943 (action challenging real estate taxes lies in equity only if unauthorized by

law, levied on exempt property, or no adequate remedy at law exists).

Although the taxpayers' initial appeal was dismissed for lack of a final and appealable order (*Kousins v. Anderson* (1989), 180 Ill. App. 3d 827), that defect was eventually corrected, and we considered whether the taxpayers' pleadings sufficiently alleged that the county was without authority to impose the penalty for the entire month of July on a monthly basis rather than on a *per diem* basis until the date of payment. (*Kousins v. Anderson* (1989), 189 Ill. App. 3d 771.) We first found that the issue presented concerned the power of the county to assess the penalty rather than the mere procedure used to calculate the amount of penalty. (*Kousins*, 189 Ill. App. 3d at 774.) We then reversed the dismissal of the taxpayers' claim for lack of equity jurisdiction in reliance on *W.F. Smith & Co. v. Rosewell* (1984), 123 Ill. App. 3d 939, which held in a similar context that the assessment of costs associated with delinquent taxes and a subsequent tax sale were unauthorized by law and, thus, equity jurisdiction was proper. *W.F. Smith*, 123 Ill. App. 3d at 944.

However, before our mandate issued, the supreme court in *Santiago v. Kusper* (1990), 133 Ill. 2d 318, considered the same provision of the Revenue Code of 1939 at issue in *W.F. Smith*. It found as a matter of law that the costs assessed were authorized by law, based on the long-standing interpretation placed on that provision by the county and the legislature's amendment of that provision subsequent to the decision in *W.F. Smith*. (*Santiago*, 133 Ill. 2d at 328-29.) Therefore, in *Santiago* equity jurisdiction was improper. (*Santiago*, 133 Ill. 2d at 327-29.) Although the county in this case sought leave to appeal our decision to the supreme court in reliance on *Santiago*, its petition was denied. However, contrary to the taxpayers' assertion, such denial is without precedential value. *People v. Vance* (1979), 76 Ill. 2d 171, 183.

The circuit court on remand initially granted the county's motion to dismiss the taxpayers' claim as it related to interest penalties collected after January 1, 1990, on which date the amendment of section 224 became effective and which expressly provided for interest "per month or any portion thereof." (Ill. Rev. Stat. 1989, ch. 120, par. 705.) The circuit court also denied the taxpayers' request to certify a class of defendants. However, the circuit court expressly found *Santiago* irrelevant and immaterial and proceeded to construe section 224 of the Revenue Act of 1939 as a matter of law.

Finding section 224 ambiguous, the circuit court relied on the rule of construction of *in pari materia* based on other interest and noninterest penalty provisions in statutes pertaining to income taxes and inheritance taxes. (See Ill. Rev. Stat. 1989, ch. 120, pars. 405A—8, 405A—9, 10—1001, 10—1003, 10—1005.) The court distinguished noninterest penalties, which were authorized monthly expressly including any fraction of a month, from interest penalties, which were authorized *per diem*. Finding that section 224 was in the nature of an interest penalty rather than a noninterest penalty, the court held that a *per diem* assessment was authorized notwithstanding the "per month" language of section 224. The court granted the taxpayers' motion for summary judgment as to counts I and II. However, the circuit court found that count III alleging a violation of the taxpayers' civil rights was entirely dependent on the taxpayers' claims in counts I and II and had no independent basis. The circuit court, therefore, granted the county's cross-motion for summary judgment as to count III. Both parties now appeal.

The circuit court's grant of a portion of each of the parties' cross-motions for summary judgment is a question of law, and, as such, our review is *de novo*. (*Zale Construction Co. v. Hoffman* (1986), 145 Ill. App. 3d 235, 240-41.) If there is no dispute as to any material fact and the undisputed facts permit but one inference, it is only the legal effect of such facts that is at issue, and a court should grant summary judgment. (*First State Bank v. Busse* (1984), 126 Ill. App. 3d 577; *Dockery v. Ortiz* (1989), 185 Ill. App. 3d 296; *Vincent DiVito, Inc. v. Vollmar Clay Products Co.* (1989), 179 Ill. App. 3d 325.) Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Hagy v. McHenry County Conservation District* (1989), 190 Ill. App. 3d 833, 842; *Estate of James O. Henderson v. W.R. Grace Co.* (1989), 185 Ill. App. 3d 523.) In deciding a motion for summary judgment, a court must apply the law as it exists at the time its decision is rendered. *Bates v. Board of Education, Allendale Community Consolidated School District No. 17* (1990), 136 Ill. 2d 260, 268-69.

■ The circuit court incorrectly concluded that *Santiago* was not applicable to these facts. *Santiago* answered the certified question of whether a provision of the Revenue Act of 1939 granted authority to the county to assess costs. (*Santiago*, 133 Ill. 2d at 320-21.) However, although *Santiago* considered a different section of

the Revenue Act of 1939, the circuit court was bound by its reasoning.

*Santiago* expressly relied on both the long-standing interpretation of a statute by the agency charged with its enforcement and the legislature's subsequent amendment of a statute after a contrary judicial construction (*Santiago*, 133 Ill. 2d at 327-29). The county raises identical arguments here. In addition, the supreme court in *Santiago* found that the county had the authority to assess the same costs that the appellate court had held unauthorized at law in *W.F. Smith*. Therefore, because *W.F. Smith* was the only authority for our prior mandate in this case, the reasoning of the supreme court in *Santiago* reaching an opposite conclusion is particularly compelling.

The circuit court here, just as the supreme court in *Santiago*, first concluded that the statute was ambiguous. The circuit court, however, applied the *in pari materia* rule of construction, which requires all parts of a single statutory scheme be read together to ascertain the legislative intent and, thereby, avoid injustice. (*Rawles v. Hartman* (1988), 172 Ill. App. 3d 931, 935.) Thus, statutes concerning a single subject must be interpreted consistently and harmonized. *People v. Maya* (1985), 105 Ill. 2d 281, 286-87.

In this instance, the circuit court considered five other provisions, three from the Income Tax Act (Ill. Rev. Stat. 1989, ch. 120, par. 10—1001 *et seq.*) and two from the Illinois Estate and Generation-Skipping Transfer Tax Act (Ill. Rev. Stat. 1989, ch. 120, par. 405A—1 *et seq.*). Section 1001 of the Income Tax Act authorizes a 7.5% "penalty" to be assessed per month "or fraction thereof" upon a taxpayer's failure to file an income tax return. (Ill. Rev. Stat. 1989, ch. 120, par. 10—1001.) Sections 1003 and 1005 authorize "interest" at 9% *per annum* and a 6% *per annum* "penalty" on unpaid or underpaid income taxes (Ill. Rev. Stat. 1989, ch. 120, pars. 10—1003, 10—1005). Sections 8 and 9 of the Illinois Estate and Generation-Skipping Transfer Tax Act authorize imposition of a "penalty" at the rate of 5% per month "or fraction of a month" for failure to file an inheritance tax return or pay such taxes and "interest" of 10% *per annum* on any unpaid tax. Ill. Rev. Stat. 1989, ch. 120, pars. 405A—8, 405A—9.

The circuit court first noted that a percentage rate applied *per annum* required *per diem* calculation. It then relied on its perception of a distinction between interest penalties, which were authorized on a *per annum* basis, and noninterest penalties, which were authorized on a monthly basis. Based on that distinction, the court

found that the interest penalty authorized in section 224 of the Revenue Act of 1939 was to be collected *per diem* despite the language that it was to be assessed monthly. However, we find such perceived distinction to be without basis.

First we note that all three statutes contain provisions relating to penalties on delinquent taxes. However, income and inheritance taxes are distinct from real estate taxes. Income taxes and inheritance taxes differ from real estate taxes in that the former require the filing of a return that the latter do not. The rate of penalty percent, whether as an interest penalty or noninterest penalty, is significantly higher in the case of both income and inheritance taxes than that applicable to real estate taxes. Thus, we question whether the provisions relied upon by the circuit court are sufficiently related to the same subject to allow the application of the rule of *in pari materia*.

Nevertheless, we fail to see the distinction between interest penalties and noninterest penalties relied on by the circuit court. The monthly noninterest penalty provision of section 1001 of the Income Tax Act refers only to the failure to file a return and not the failure to pay such taxes, while *both* the interest penalty provision and noninterest penalty provisions for failure to pay such taxes are authorized *per annum*. Thus, the authority to impose a penalty, whether *per annum* or monthly, is based not on the type of penalty but rather on the express language of the applicable provision of the Income Tax Act. In contrast to the Income Tax Act, the noninterest penalty provision of the Illinois Estate and Generation-Skipping Transfer Tax Act applies to both a failure to file and a failure to pay inheritance taxes and applies monthly, while the interest penalty provision alone is authorized *per annum*.

We fail to perceive a basis on which the circuit court could properly infer a legislative intent that noninterest penalties be imposed monthly and interest penalties *per annum*. Rather, although we find that the Income Tax Act and the Illinois Inheritance and Generation-Skipping Transfer Tax Act offer little guidance to determining legislative intent in section 224 of the Revenue Act of 1939, we find the legislature's choice of the term "monthly" rather than *per annum* in section 224 supports the county's argument that real estate taxes are subject to an interest penalty "for each additional month or fraction of a month." (See, *e.g.*, Ill. Rev. Stat. 1989, ch. 120, par. 405A—8(a).) However, we find the circuit court's resort to the *in pari materia* rule of construction to determine the legisla-

ture's intent in section 224 was unnecessary in light of the reasoning of the supreme court in *Santiago*.

In *Santiago*, the supreme court considered the collection of a $10 "cost" assessed as part of the sum necessary for the plaintiff taxpayer to redeem his property from a tax sale. The defendant county in *Santiago*, just as the county here, conceded that public officials have no taxing power except for that which is delegated to them by law. (See Ill. Const. 1970, art. IX, §10; *Santiago*, 133 Ill. 2d at 325.) So, too, the disputed penalty in each case was clearly a "tax" within the meaning of the Revenue Act of 1939. (See Ill. Rev. Stat. 1989, ch. 120, par. 482(11).) Therefore, in each case as a prerequisite to invocation of equity jurisdiction, the action challenging the tax required a showing that the tax was unauthorized by law. (*Santiago*, 133 Ill. 2d at 325-26; see also, *e.g.*, *Schlenz v. Castle* (1986), 115 Ill. 2d 135, 141-42; *Inolex Corp. v. Rosewell* (1978), 72 Ill. 2d 198, 201-02; *North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, 546; *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 105; *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 417-18.) The rules of construction relied upon in *Santiago* to find that the $10 cost was authorized are particularly compelling here because *Santiago* implicitly overruled *W.F. Smith*, which was the only basis for our prior reversal of the dismissal of the taxpayers' claim for want of equity jurisdiction.

■ Specifically, we must consider the language that authorizes assessment of a 1½% interest penalty on a "per month" basis. Further, considering the language of the statute urged by the taxpayers that interest penalties are to be assessed only "until paid or forfeited," we must consider the construction placed on section 224 by the officials charged with its enforcement and the subsequent amendment of section 224 by the legislature to provide the penalty be assessed "per month or any part thereof."

Generally, we will defer to a long-standing interpretation of an ambiguous statute by those who are responsible for its enforcement. (*Santiago*, 133 Ill. 2d at 328; *In re Application of Rosewell* (1987), 117 Ill. 2d 479, 487.) In this instance, not only the defendant county here but also counties throughout the State have consistently interpreted section 224 to authorize the collection of the interest penalty for the entire month during which real estate taxes were delinquent for any portion of time.

Even more persuasive, however, is the legislature's action in amending section 224 between our dismissal of the taxpayers' appeal for want of appellate jurisdiction in April 1989 and the issu-

ance of our mandate holding that the taxpayers' complaint survived the county's motion to dismiss for lack of equity jurisdiction. Although an amendment is normally presumed to change the law, when an amendment is enacted to an ambiguous statute shortly after the ambiguity creates a controversy, the amendment is construed as an indication of the legislative intent of the original statute. (*Santiago*, 133 Ill. 2d at 329; *People v. Rink* (1983), 97 Ill. 2d 533, 540-41.) Thus, the addition to the original "per month" language of the statute of the language "or any portion thereof" should be construed to indicate the legislature's intent in the former version of the statute that interest penalty on delinquent real estate taxes be assessed for the entire month when such taxes remained unpaid for any portion of the month.

■ We reject the taxpayers' assertion that the language of section 224 nevertheless requires *per diem* assessment of the interest penalty. Although section 224 provides that the interest penalty is applicable until paid, an interpretation of "per month or any portion thereof" that authorizes *per diem* interest would render such language absurd and without meaning. Rather, all language must be construed to give effect to the intent of the legislature, and every word is presumed to have meaning and purpose. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365-67; *Hinsdale Golf Club v. Kochanski* (1990), 197 Ill. App. 3d 634, 637.) Thus, only if section 224 is construed to authorize assessment of the interest penalty for the entire month in which real estate taxes remain unpaid for any portion of time can we avoid rendering the language "per month or any portion thereof" surplusage.

■ The circuit court erred, therefore, in granting the taxpayers' summary judgment on counts I and II of their complaint. The third count of the taxpayers' complaint alleged that the assessment of a monthly interest penalty denied them due process and violated their civil rights. However, because the county was entitled to summary judgment as a matter of law on the substance of the taxpayers' claims, we need not address the taxpayers' appeal as to count III. (See also *Coleman v. McLaren* (N.D. Ill. 1985), 631 F. Supp. 749 (legal remedy provided by statute for paying taxes under protest and filing objections to application for judgment (Ill. Rev. Stat. 1989, ch. 120, pars. 675, 716) satisfies due process requirements).) Similarly, having resolved that the county should have been granted summary judgment as a matter of law on each count of the taxpayers' complaint because the taxpayers failed to demonstrate that section 224 of the Revenue Act of 1939 was unauthorized by law, we

need not address either the county's assertion that the taxpayers' voluntary payment of the interest penalty bars their claim or the taxpayers' assertion that the circuit court abused its discretion in failing to certify a class of defendants.

For the foregoing reasons, the judgment of the circuit court dismissing that portion of the taxpayers' claims relating to the interest penalties imposed after January 1, 1990, is affirmed. Further, we affirm the grant of summary judgment in favor of the county as to count III and reverse the grant of summary judgment in favor of the taxpayers as to counts I and II.

Affirmed in part; reversed in part.

Dunn, J., concurs.

JUSTICE McLAREN, specially concurring:

I specially concur because I otherwise agree with this court's determination of the merits of this cause, especially with regard to the Federal civil rights claim. However, the defendants reiterate that the plaintiffs have failed to state a cause of action which ought to be entertained in equity. Therefore, the defendants argue the cause should be dismissed with prejudice as the judgment is void for lack of jurisdiction. Any Illinois court is required, when the issue is raised, to initially determine if jurisdiction lies, *e.g.*, whether a recognized cause of action lies. (*Lambert v. City of Lake Forest* (1989), 186 Ill. App. 3d 937, 940; *Wagner v. Kepler* (1951), 411 Ill. 368, 371.) Upon review of the entire proceedings, I believe the plaintiffs have failed to state an equitable cause of action recognizable in the State of Illinois.

The plaintiffs contend that the assessment of interest penalties beyond the date of payment is not authorized by statute and therefore is "unauthorized at law." This court, in plaintiffs' first perfected appeal, agreed with plaintiffs' semantical logic. However, "unauthorized at law" is a term of art and is much narrower than the implications of the prior opinion of this court. "Unauthorized at law" connotes a lack of jurisdiction. It means the *lack of authority to be right or wrong*. It means what is done is beyond the defendant's scope of office. The alleged improper act is *totally void*, not because it was improperly done but because the defendant(s) did not have the power to be right or wrong with regard to his actions. *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 324;

*People ex rel. Williams v. McDonald* (1970), 44 Ill. 2d 349, 351-53; *Hulse v. Kirk* (1975), 28 Ill. App. 3d 839, 843-46.

It is clear to me, and conceded by the plaintiffs, that the defendants had the power/authority to assess interest penalties. Therefore, the collector's computation or determination of the amount of the assessment, *even if wrong*, was *not* "unauthorized at law."

Therefore, I would determine the plaintiffs have failed to state an equitable cause of action recognizable in this State, would declare the judgment void, and would dismiss this cause with prejudice without addressing the appeal further, exclusive of the Federal civil rights claim.