VERA E. HILLERS, on Behalf of Herself and All Other Persons Similarly Situated, Plaintiff-Appellant, v. JAMES E. BOYLAN, County Collector and County Treasurer of McLean County, *et al.*, Defendants-Appellees.

Fourth District   No. 4—91—0935

Opinion filed August 13, 1992.—Rehearing denied September 16, 1992.

G. Edward Orr and D. Michael Rickgauer, both of Reardon, Orr & Dvorak, of East Peoria, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Brian Hug, Assistant State's Attorney, of counsel), for appellees.

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Vera Hillers, filed a class action suit against James Boylan, county treasurer and county collector for McLean County, and against McLean County, seeking an accounting and damages. The complaint alleged the county collector was without authority to im-

pose interest on late installments of real estate taxes for the portion of the month remaining after the taxes were paid. The trial court granted defendants' motion to dismiss. We affirm.

At some time prior to June 1, 1988, plaintiff received a tax bill from McLean County for general real estate tax due on parcel No. 14—36—351—009. The total tax liability for the first installment was $1,651.13 payable on or before June 3, 1988. Plaintiff paid the first installment on June 22, 1988, plus a penalty of $24.77 assessed by the county collector. The penalty equalled one month's interest at 1½%, even though plaintiff's payment was not delinquent for the entire month.

On February 22, 1990, plaintiff filed a two-count class action complaint. Named as defendants were James E. Boylan, county collector and treasurer of McLean County, and the County of McLean. Count I sought a preliminary and permanent injunction against defendants, prohibiting and enjoining them from the assessment and collection of unlawful penalties on delinquent tax payments. Plaintiff voluntarily nonsuited count I, which is not involved in this appeal. Count II sought an accounting and damages equal to the sum plaintiff claims was illegally collected.

In response to the complaint, defendants filed a section 2—619 motion to dismiss (see Ill. Rev. Stat. 1989, ch. 110, par. 2—619) on April 30, 1990. The motion to dismiss was based on three grounds relevant to this appeal: (1) a court sitting in equity had no jurisdiction over plaintiff's complaint; (2) defendants were immune from liability under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*); and (3) the voluntary-payment doctrine barred recovery by plaintiff. On October 23, 1990, the court granted defendants' motion to dismiss and allowed plaintiff 21 days to file an amended complaint. On November 15, 1990, plaintiff filed a motion to reconsider and intent to stand on pleadings. Defendants filed a response to the motion to reconsider on December 17, 1990. Plaintiff subsequently waived oral arguments on the motion to reconsider, and on October 25, 1991, the trial court denied the motion to reconsider. Plaintiff, on November 25, 1991, filed a motion for entry of a final order, which order was entered on December 5, 1991. Plaintiff appeals from the trial court's order dismissing count II with prejudice.

■ Plaintiff's first claim is that defendants' motion to dismiss was improperly granted, because the trial court had jurisdiction. An action concerning the collection of taxes may arise in equity where the tax is unauthorized by law, where the tax is levied upon exempt

property, or where there exists no adequate remedy at law. (*Inolex Corp. v. Rosewell* (1978), 72 Ill. 2d 198, 201-02, 380 N.E.2d 775, 776-77; *Santiago v. Kusper* (1990), 133 Ill. 2d 318, 324, 549 N.E.2d 1251, 1254.) We find none of these situations exist in this case, and the trial court lacked jurisdiction to grant equitable relief.

■ Plaintiff paid her taxes and penalty on June 22, 1988, without protest. Defendants claim there is no equity jurisdiction here, because plaintiff is asking for relief which was available by statute. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299; *Ames v. Schlaeger* (1944), 386 Ill. 160, 166, 53 N.E.2d 937, 939.) The Illinois legislature has established an extensive and specific statutory method for the calculation, payment, and protest of real estate taxes. Section 224 of the Revenue Act of 1939 (Act) provides that the first install-ment of real estate tax is due before the first day of June. (Ill. Rev. Stat. 1989, ch. 120, par. 705.) To encourage the prompt payment of the tax, any unpaid installment is subject to interest of 1½% per month. (Ill. Rev. Stat. 1989, ch. 120, par. 705.) By the terms of the Act this penalty interest is a part of the tax. (Ill. Rev. Stat. 1989, ch. 120, par. 482(11).) In order to object to all or any part of the real property tax, a person shall pay all the tax due and include with each payment a writing indicating that the payment is made under protest. (Ill. Rev. Stat. 1989, ch. 120, par. 675.) The court shall then enter a judgment, and if the party protesting the tax is owed money, a refund shall be paid. (Ill. Rev. Stat. 1989, ch. 120, pars. 675, 716.) We hold the trial court did not have equity jurisdiction, because plaintiff had an adequate remedy at law. This result is consistent with the analysis of equity jurisdiction in *Santiago* and *Kousins v. Anderson* (1992), 229 Ill. App. 3d 486, 593 N.E.2d 1095 (*Kousins III*).

■ Plaintiff also claims the after-payment portion of the interest penalty was unauthorized by law, and therefore the trial court had jurisdiction. The cases most on point are *Kousins v. Anderson* (1989), 180 Ill. App. 3d 827, 536 N.E.2d 487 (*Kousins I*), *Kousins v. Ander-son* (1989), 189 Ill. App. 3d 771, 545 N.E.2d 779 (*Kousins II*), *appeal denied* (1990), 129 Ill. 2d 564, 550 N.E.2d 557, and *Kousins III* (229 Ill. App. 3d 486, 593 N.E.2d 1095). The facts, as they were reviewed in *Kousins III*, were as follows. The taxpayers' first installment of their 1984 real estate tax was due on June 2, 1985, but was not paid until July 12, 1985. The county assessed a penalty against the taxpay-ers at the rate of 1½% per month for the entire months of June and July, notwithstanding the first installment was paid during July. The taxpayers alleged any penalty covering the period after the delinquent tax payment was unauthorized by law. The trial court granted the

county's motion to dismiss, holding the taxpayers failed to establish the complained-of penalty was unauthorized by law. Therefore, the court was without equity jurisdiction. *Kousins*, 229 Ill. App. 3d at 489, 593 N.E.2d at 1097.

Consistent with the supreme court's decision in *Santiago*, we have relied on the language of the statute, the long-standing interpretation of the statute, and the legislature's subsequent amendment of the statute after a contrary judicial construction (which we discuss below), and we find the tax questioned in the case at bar was not unauthorized.

Section 224 of the Act, as it read when the tax in question was assessed, authorized assessment of a monthly interest penalty: "such unpaid first installment shall bear interest after the first day of June annually at the rate of 1½% per month for all real property other than farmland." (Ill. Rev. Stat. 1987, ch. 120, par. 705.) Based on this language we must determine whether this section authorized an interest penalty for the entire month or on a *per diem* basis through the day the payment was made. The statutory language is somewhat ambiguous, especially considering the portion of the statute relied on by plaintiff providing that interest penalties are to be assessed only "until paid or forfeited." Ill. Rev. Stat. 1987, ch. 120, par. 705.

We will generally defer to a long-standing interpretation of an ambiguous statute by those who are responsible for its enforcement. (*Santiago*, 133 Ill. 2d at 328, 549 N.E.2d at 1256; *Kousins*, 229 Ill. App. 3d at 494, 593 N.E.2d at 1100.) McLean County and other counties throughout the State have consistently interpreted section 224 of the Act to authorize collection of the interest penalty for the entire month if real estate taxes were delinquent for any portion of the month. See *Kousins*, 229 Ill. App. 3d at 494, 593 N.E.2d at 1100-01.

Even more persuasive is the legislature's action in amending section 224 between *Kousins I* (Second District Appellate Court's dismissal of taxpayers' appeal for want of appellate jurisdiction) and *Kousins II* (Second District Appellate Court's holding that taxpayers' complaint survived the county's motion to dismiss for lack of equity jurisdiction). The language "or any portion thereof" was added to section 224 of the Act by Public Act 86—234. (See Pub. Act 86—234, eff. Jan. 1, 1990 (1989 Ill. Laws 1725, 1725-26).) By the language of the amendment, section 224 provides that interest penalties on delinquent real estate taxes are "1½% per month or any portion thereof." (See Ill. Rev. Stat. 1989, ch. 120, par. 705.) This added language clearly did not require *per diem* assessment of the interest penalty. (*Kousins*, 229 Ill. App. 3d at 495, 593 N.E.2d at 1101 ("an interpretation of 'per

month or any portion thereof" that authorizes *per diem* interest would render such language absurd and without meaning").) Although an amendment is usually presumed to change the law, if an amendment to an ambiguous statute is enacted soon after controversies as to the interpretation of the statute it amends, the amendment may be viewed as a legislative interpretation of the original statute. (*Santiago*, 133 Ill. 2d at 329, 549 N.E.2d at 1256; *Kousins*, 229 Ill. App. 3d at 494-95, 593 N.E.2d at 1101.) The monthly versus *per diem* interest issue was raised by the complaint for injunctive and declaratory relief dismissed with prejudice and appealed in *Kousins I* (180 Ill. App. 3d 827, 536 N.E.2d 487), in which the appellate opinion was filed April 12, 1989. On August 15, 1989, the legislature approved Public Act 86—234, which amended section 224, during the pendency of *Kousins II*. Amendment during these controversies was legislative clarification, rather than a change in the law. The addition of the language "or any portion thereof" (see Ill. Rev. Stat. 1989, ch. 120, par. 705) to the original "per month" language of the statute (see Ill. Rev. Stat. 1987, ch. 120, par. 705) clarified that the legislature's intent, in the former version of the statute, was that the interest penalty on delinquent real estate taxes be assessed for the entire month when such taxes remained unpaid for any portion of the month. *Kousins*, 229 Ill. App. 3d at 495, 593 N.E.2d at 1101.

Moreover, we note that the legislature further amended section 224 of the Act between *Kousins II* and *Kousins III* by modifying the phrase "1½% per month *or any portion thereof*" (emphasis added) (Ill. Rev. Stat. 1989, ch. 120, par. 705) to read "1½% per month *for the entire month without apportionment or proration*" (emphasis added) (see Pub. Act 87—145, §5, eff. Aug. 19, 1991 (1991 Ill. Laws 1084, 1092). This amendment was yet another attempt by the legislature to clarify section 224.

Plaintiff has failed to show the tax penalty was unauthorized by law, the tax was levied on exempt property, or that she has no adequate remedy at law. We find a lack of equity jurisdiction and uphold the trial court's dismissal of plaintiff's complaint. With this holding we need not address the issues of the Tort Immunity Act and the voluntary-payment doctrine raised in defendants' motion to dismiss.

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.