CHARLES E. WEBSTER *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 83—2827

Opinion filed April 17, 1985.

Arnold M. Flamm and Marshall Patner, both of Orlikoff, Flamm & Patner, and Robert D. Allison, of Bilandic, Neistein, Richman, Hauslinger & Young, Ltd., both of Chicago, for appellants.

James D. Montgomery, Corporation Counsel, of Chicago (Jerome A. Siegan, Philip L. Bronstein, and Stanley Kaminski, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, Charles Webster and Fredrick Blum, brought this action against defendant city of Chicago seeking a declaration that the Chicago Transaction Tax Ordinance is unconstitutional and an injunction enjoining the collection of the tax. The trial court granted the city's motion to dismiss the action, and plaintiffs appeal.

On December 14, 1973, the city enacted chapter 200.1 of the Municipal Code under its home rule powers. Section 2.A.1 imposes a tax on the lease or rental of personal property at the rate of 6% of the lease or rental price. The ordinance provides, in section 2.A.2, that the ultimate incidence of and liability for the tax is on the lessee. The tax is collected by the lessor and remitted to the city through the purchase of tax stamps. The ordinance also provides for a tax on the transfer of title to real estate, which is not challenged here.

Webster rented automobiles, while Blum rented formal clothing, after January 1, 1974, the effective day of the ordinance. Both plaintiffs were charged the 6% tax by the lessors. On February 10, 1983, they brought this suit as a class action on behalf of all persons who leased personal property and paid the tax. Plaintiffs allege that the leasing tax provision violates article VII, section 6(e) of the Illinois Constitution (Ill. Const. 1970, art. VII, sec. 6(e)), because it is a tax on services or occupations and is measured by income or earnings.

We initially note that the constitutionality of the leasing tax was unsuccessfully challenged in Williams v. City of Chicago (1977), 66 Ill. 2d 423, 362 N.E.2d 1030, on equal protection and due process grounds. Williams is not decisive in this appeal, however, since the

issues raised here have not been considered heretofore. *Fujimura v. Chicago Transit Authority* (1977), 67 Ill. 2d 506, 368 N.E.2d 105; *Heany v. Northeast Park District* (1935), 360 Ill. 254, 195 N.E. 649.

The 1970 Illinois Constitution adopted a system of home rule units and granted specific powers to those units. Section 6(a) of article VII provides:

> "Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power *** to tax ***."

Section 6(e) limits the taxing power as follows:

> "A home rule unit shall have only the power that the General Assembly may provide by law *** to license for revenue or impose taxes upon or measured by income or earnings or upon occupations."

The powers of a home rule unit are construed liberally. Ill. Const. 1970, art. VII, sec. 6(m).

◼ Plaintiffs contend that the leasing tax is prohibited by section 6(e). Initially they maintain that the leasing of personal property is a service and that any tax on services is an impermissible tax on occupations. *Commercial National Bank v. City of Chicago* (1982), 89 Ill. 2d 45, 432 N.E.2d 227.

In the context of Illinois tax law, the supreme court defined "service" as "all 'sales' transactions other than sales of tangible property." (*Waukegan Community Unit School District No. 60 v. City of Waukegan* (1983), 95 Ill. 2d 244, 254, 447 N.E.2d 345.) During the Constitutional Convention debates on paragraph 4.4, which became section 6(e), the delegates indicated that a sales or use tax was permissible (4 Record of Proceedings, Sixth Illinois Constitutional Convention 3154 (hereinafter cited as Proceedings)), but a tax on service providers was prohibited. The types of services which could not be taxed were, for example, those provided by doctors, lawyers, accountants, beauticians, repairmen and travel agents. (4 Proceedings 3160, 3366.) Consequently, a tax on parking spaces and hotel rooms was constitutional (*Jacobs v. City of Chicago* (1973), 53 Ill. 2d 421, 292 N.E.2d 401; *Springfield Hotel-Motel Association v. City of Springfield* (1983), 119 Ill. App. 3d 753, 457 N.E.2d 1017), while a tax on utilities was unconstitutional. *Waukegan Community Unit School District No. 60 v. City of Waukegan* (1983), 95 Ill. 2d 244, 447 N.E.2d 345.

◼ Although plaintiffs refer us to telephone books and various Federal publications which classify the business of leasing personal

property as a service, we are of the opinion that the leasing tax is akin to the parking and hotel taxes. In each instance the consumer is paying for the use and temporary transfer of possession of tangible property. Any intangible activity provided by the lessor is incidental to the transaction. The Chicago Transaction Tax is not an invalid service tax.

■ Plaintiffs also maintain that, even if leasing is not a service, the leasing tax is invalid as a tax on the occupation of leasing. They argue that the practical operation of the ordinance, and not the inclusion of the "magic words" that the ultimate incidence of the tax is on the lessee, should determine the validity of the tax.

It has long been recognized that there is little distinction between a permitted tax on a sales transaction and an impermissible tax on the occupation of selling. However, such a distinction must be drawn. The tax is not within the home rule unit's power to impose if it is one which was intended by the delegates to fall within the proscription of section 6(e). *Commercial National Bank v. City of Chicago* (1982), 89 Ill. 2d 45, 432 N.E.2d 227.

In addition to imposing the tax burden on the lessee, the city's leasing tax provides for fines and penalties against the lessee for failure to pay the tax. That the lessor must collect the tax and remit it to the city does not make the leasing tax a tax on occupations. (*S. Bloom, Inc. v. Korshak* (1972), 52 Ill. 2d 56, 284 N.E.2d 257.) Furthermore, nothing in the history of section 6(e) evidences an intent to prevent a tax on temporary transfers of personal property. The leasing tax is not a tax on occupations.

■ Plaintiffs finally contend that the leasing tax is a tax measured by income or earnings in violation of section 6(e).

The income or earnings restriction was included in paragraph 4.4 to avoid a problem experienced in Colorado when it adopted a home rule unit system. (4 Proceedings, 3156-57.) In 1957, the city of Denver attempted to impose an income tax, which the Colorado Supreme Court struck down. (*City of Denver v. Sweet* (1958), 138 Colo. 41, 329 P.2d 441.) Several years later the city adopted an "earnings" tax. This tax was also found to be invalid. (*City of Denver v. Duffy Storage & Moving Co.* (1969), 168 Colo. 91, 450 P.2d 339.) The delegates to our Constitutional Convention perceived the "income or earnings" language as one way to prevent a home rule unit from instituting a disguised occupation tax. In light of our holding that the leasing tax is a tax on transactions which the legislature intended to permit, we do not believe that it is an invalid income or earnings tax.

For the foregoing reasons, the judgment of the circuit court of

670

Cook County upholding the validity of the Chicago Transaction Tax is affirmed.

Judgment affirmed.

WHITE, P.J., and McGILLICUDDY, J., concur.