COMMUNICATIONS AND CABLE OF CHICAGO, INC., *et al.*, d/b/a Chicago Cable T.V., Plaintiffs-Appellants, v. THE DEPARTMENT OF REVENUE OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—94—2040

Opinion filed September 7, 1995.

Mayer, Brown & Platt, of Chicago (Roger J. Jones, James C. Schroeder, and John E. Muench, of counsel), and D'Ancona & Pflaum, of Chicago (Fred M. Ackerson, of counsel), for appellants.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Anne K. Berleman, Assistant Corporation Counsel, of counsel), for appellees.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs, Communications & Cable of Chicago, South Chicago Cable, and La Salle Tele-Communications, collectively doing business as Chicago Cable, sought declaratory and injunctive relief against the defendants, the Chicago Department of Revenue, and its acting director, Judith Rice, on the basis that they assessed an unauthorized transaction tax against the plaintiffs. (Chicago Municipal Code § 3—32—010 *et seq.* (1995).) The complaint was dismissed for lack of equity jurisdiction and the plaintiffs now appeal, contending (1) the complaint states a claim for equity jurisdiction on the basis that the tax as applied was unauthorized by law and an unconstitutional tax on exempt property (Ill. Const. 1970, art. VII, § 6(e)(2)); and (2) equity should have assumed jurisdiction over the plaintiffs' estoppel claim based upon principles of fundamental fairness and due process.

The defendants moved to dismiss the plaintiffs' original complaint under Code of Civil Procedure section 2—615 (735 ILCS 5/2—615 (West 1992)), alleging lack of equity jurisdiction based upon the plaintiffs' failure to exhaust administrative remedies. The trial court granted the defendants' motion and dismissed the complaint with prejudice on March 30, 1994. On April 29, 1994, the plaintiffs requested leave to file an amended complaint in order to plead additional facts in support of their claims. The plaintiffs also submitted a motion for reconsideration and vacation of the order dismissing

their original complaint. On May 20, 1994, the court issued an order that denied reconsideration of the dismissal and simultaneously granted the plaintiffs leave to file their amended complaint and then dismissed it for lack of equity jurisdiction. The instant appeal is from the orders of March 30, 1994, and May 20, 1994.[1]

The plaintiffs were in the business of providing cable television services to homes within the City of Chicago. The amended complaint alleged that on November 1, 1993, the defendants issued a notice of tax liability against the plaintiffs seeking a total of over $4.6 million in unpaid transaction taxes, penalties and interest, for the period of January 1, 1985, through December 31, 1992. The tax pertained to telecommunications converters and remote control devices (remotes) that were furnished by the plaintiffs to some of their customers. The plaintiffs installed the converters near customers' television sets to enable reception of cable transmissions. The remotes were provided as a means to activate or control the converters. The plaintiffs asserted that the tax was unauthorized under the Chicago Transaction Tax Ordinance (Chicago Municipal Code § 3—32—010 *et seq.* (1995)) (Ordinance), and section 6(e)(2) of the Illinois Constitution (Ill. Const. 1970, art. VII, § 6(e)(2)), because the devices were an "integral and incidental" part of its cable services and had no independent value to consumers apart from the services provided. The cost of the devices to customers constituted a "minor and incidental portion" of the price of the services. In particular, the plaintiffs alleged that during the time period covered by the assessment, the charge for converters was $2 during some months and no charge during the remaining months, amounting to less than 10% of the total cost of cable services. Similarly, the charge for remotes was $2 during some months and zero for others. Count I of the complaint sought a declaration that imposition of the transaction tax with regard to the plaintiffs' converters and remotes was invalid and unenforceable as contrary to the Ordinance. Count II requested a declaration that the tax as applied to the plaintiffs violated article VII, section 6(e), of the Illinois Constitution (Ill. Const. 1970, art. VII, § 6(e)), as a tax on service occupations. Count III sought a declaration that the defendants were estopped from asserting liability against the plaintiffs because following a 1988 audit, the defendants represented to the plaintiffs that the

---

[1]Although plaintiffs purport to appeal from the dismissal of their original complaint as well as the amended one, they have waived any error in the dismissal of the original complaint by filing an amended complaint. *Knightsbridge Realty Partners Ltd.-75 v. Pace* (1981), 101 Ill. App. 3d 49, 427 N.E.2d 815.

converters were not subject to the transaction tax. Count IV sought a declaration that the statute of limitations bars the assessment of any taxes between January 1, 1985, and December 31, 1986. Count V requested a declaration that the plaintiffs' claimed penalties were invalid under the Ordinance and due process clauses of the Illinois and United States Constitutions. Count VI sought a declaration that the plaintiff, La Salle Tele-Communications, Inc., was not subject to the transaction tax with regard to leased computer equipment. Count VII sought to enjoin the defendants from assessing and collecting the tax, alleging that the administrative hearing procedure violated due process. The trial court dismissed the amended complaint on the basis that the plaintiffs failed to exhaust administrative remedies, and it is from this decision that the plaintiffs appeal.

On appeal, the plaintiffs do not dispute that they failed to pursue all administrative procedures available to contest the tax. However, citing the doctrine established in *Owens-Illinois Glass Co. v. McKibbin* (1943), 385 Ill. 245, 52 N.E.2d 177, they maintain that equity jurisdiction lies regardless of this failure, because the assessment as applied to them amounted to an unauthorized and unconstitutional tax.

■ In general, equity will not assume jurisdiction to provide tax relief where there is an adequate remedy at law. (*Owens*, 385 Ill. at 252.) *Owens* established two exceptions to this rule, however, where a tax is alleged to be unauthorized by law or levied upon property exempt from taxation. (*Owens*, 385 Ill. at 252; *Santiago v. Kusper* (1990), 133 Ill. 2d 318, 324, 549 N.E.2d 1251; *West Suburban Hospital Medical Center v. Hynes* (1988), 173 Ill. App. 3d 847, 853, 527 N.E.2d 1086.) These exceptions constitute independent bases for equitable redress under which the taxpayer may seek injunctive relief without first exhausting legal remedies or demonstrating the existence of special circumstances. *Owens*, 385 Ill. at 252-56; *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358-59, 326 N.E.2d 737.

In order to sufficiently claim that a tax is "unauthorized by law" under *Owens*, the complaint must allege that the tax itself was invalid, or that the assessor lacked authority or discretion to impose the tax as applied to the taxpayers. (See *Santiago*, 133 Ill. 2d 318, 549 N.E.2d 1251; *Illinois Bell*, 60 Ill. 2d 350, 326 N.E.2d 737.) Equitable relief is not available where the claim merely alleges procedural errors or irregularities in the assessment process. *North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, 343 N.E.2d 507; *Hodge v. Glaze* (1961), 22 Ill. 2d 294, 174 N.E.2d 873 (no equity jurisdiction where complaint alleged failure to follow statutes in arriving at multiplier used to calculate otherwise lawful tax); *Lackey v. Pulaski Drainage District* (1954), 4 Ill. 2d 72, 75, 122 N.E.2d 257 (plaintiffs not challeng-

ing validity of property tax itself, but instead claiming it was based upon allegedly void annexation proceedings); accord *Inolex Corp. v. Rosewell* (1978), 72 Ill. 2d 198, 380 N.E.2d 775; see also *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252 (claim concerned not validity of tax but that it was assessed at too high a rate).

In response to the plaintiffs' argument, the defendants initially point out that the *Owens* doctrine was restricted in the *Illinois Bell* case, where the court held that equity will not intervene in disputes in which the claimant may seek review from the Department of Revenue's determination under the Administrative Review Law. (735 ILCS 5/3—101 *et seq.* (West 1992) (hereinafter Act); *Illinois Bell*, 60 Ill. 2d 350, 326 N.E.2d 737.) The defendants urge that this court likewise "eliminate the *Owens* exceptions" for tax cases such as the one at bar, which are not covered by the Act. The defendants maintain that the plaintiffs have an adequate remedy at law in the form of *certiorari* review from the Department of Revenue's administrative determinations.

■ We note, however, that *certiorari* has been an available means of redress since long prior to *Illinois Bell*, and yet the court there limited the *Owens* doctrine only for cases covered under the Act. The *Owens* rule clearly remains intact for tax claims in which the taxpayer may not seek review under the Act. (See, *e.g.*, *Santiago*, 133 Ill. 2d 318, 549 N.E.2d 1251; *Snow v. Dixon* (1977), 66 Ill. 2d 443, 452-53, 362 N.E.2d 1052; *West Suburban Hospital*, 173 Ill. App. 3d at 853.) Where a tax is unauthorized by law, the taxpayer may proceed with equitable redress regardless of the availability of a complete and adequate legal remedy. (*Lackey*, 4 Ill. 2d at 78.) It is beyond question that this court is not at liberty to alter or disregard this precedent. See *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1.

The plaintiffs contend that their complaint sufficiently alleged that the tax was unauthorized under section 3—32—030 of the Ordinance (Chicago Municipal Code § 3—32—030 (1995)), and also that it was an impermissible tax on occupations prohibited under section 6(e)(2) of the Illinois Constitution. (Ill. Const. 1970, art. VII, § 6(e)(2)). Construing all well-pled allegations of the complaint as true (see *Illinois Bell*, 60 Ill. 2d at 359), we agree with both arguments. We address the constitutional claim first.

As effective at the time in question, section 3—32—030 of the Ordinance broadly authorized a tax on transactions "consummated in the City of Chicago involving the lease or rental of any personal property." (Chicago Municipal Code § 3—32—030(A) (1995) (formerly

Chicago Municipal Code § 200.1—2(A) (1984)).) Section 6(e)(2) of the Illinois Constitution restricts the taxation powers of the city, a home rule unit, as follows:

"A home rule unit shall have only the power that the General Assembly may provide by law *** (2) to license for revenue or impose taxes upon or measured by income or earnings or upon occupations." Ill. Const. 1970, art. VII, § 6(e)(2).

■ The supreme court has determined that although section 6(e) permits taxes upon the sale or use of tangible items, the taxation of commercial services constitutes an "occupation tax" which is prohibited unless sanctioned by the legislature. (*Commercial National Bank v. City of Chicago* (1982), 89 Ill. 2d 45, 432 N.E.2d 227; see also *Waukegan Community Unit School District No. 60 v. City of Waukegan* (1983), 95 Ill. 2d 244, 254, 447 N.E.2d 345; *Springfield Hotel-Motel Association v. City of Springfield* (1983), 119 Ill. App. 3d 753, 759, 457 N.E.2d 1017.) "Service" has been defined as all "sales" transactions other than sales of tangible property. *Waukegan*, 95 Ill. 2d at 254.

The plaintiffs alleged that the essence of their business was providing services and that the leasing of converters and remotes was but an incidental, though integral, part of that service.

Where a product is provided in conjunction with services, courts examine the totality of the transaction to determine its taxability. (See *Waukegan*, 95 Ill. 2d 244, 447 N.E.2d 345; *Time Inc. v. Hulman* (1964), 31 Ill. 2d 344, 349, 201 N.E.2d 374.) In a case involving the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1985, ch. 120, par. 440 *et seq.*), the supreme court held that the transfer of tangible property will not result in sales tax liability where such transfer is merely incidental to the rendering of a service, which is the true substance of the transaction. (*Snite v. Department of Revenue* (1947), 398 Ill. 41, 74 N.E.2d 877; see also *Ingersoll Milling Machine Co. v. Department of Revenue* (1950), 405 Ill. 367, 90 N.E.2d 747.) This same test was applied with regard to the transaction tax in *Katz v. City of Chicago* (1988), 177 Ill. App. 3d 305, 532 N.E.2d 322. In *Katz*, the court upheld the constitutionality of the tax as applied to a coin-operated laundry facility, finding that although the transaction encompassed some services, it predominantly featured the leasing of washing machines, which were products.

■ Applying this test to the present case, the amended complaint sufficiently alleges that the transaction tax as imposed upon the plaintiffs amounts to an occupation tax that is unauthorized within the meaning of section 6(e)(2) of the Constitution. The complaint permits an inference that consumers employ the plaintiffs not for

their converters or remotes, but primarily for their cable services. (See *Velten & Pulver, Inc. v. Department of Revenue* (1963), 29 Ill. 2d 524, 531, 194 N.E.2d 253.) The converters are needed to deliver cable transmissions to the homes of some customers, but they are merely incidental to those services, are valueless without them, and are but a small portion of the total cost. Similarly, the remotes are allegedly useful only to control the converters and represent but a minor portion of the price of cable services. Thus, the nature of the transaction could be found to be one of services rather than products, and the tax would constitute an unconstitutional tax on occupations.

The city relies upon this court's holding in *Webster v. City of Chicago* (1985), 132 Ill. App. 3d 666, 478 N.E.2d 446, that, in general, the leasing of personal property is not a service or occupation, and the transaction tax is constitutional. However, the *Webster* case concerned the rental of automobiles and formal wear, and the court specifically noted that any intangible activity provided in conjunction with these products was merely incidental to the transfer of the property itself. (*Webster*, 132 Ill. App. 3d at 669.) Conversely, the tax as imposed in this case covered property alleged to be incidental to services, and therefore, *Webster* is not persuasive.

The plaintiffs also argue that the tax was unauthorized under section 3—32—030 of the Ordinance as interpreted by Revenue Ruling 7 (Chicago Department of Revenue Ruling No. 7 (1985)). In that ruling, the Department stated that a lease was not taxable under Ordinance section 200.1—2(A), the predecessor to section 3—32—030(A), if the leased property was incidental to a provided service. In assessing equity jurisdiction, the trial court declined to follow Revenue Ruling 7, concluding that it was unduly restrictive of the broad language of section 3—32—030 and thus not binding on the court. See *Chicago Health Clubs, Inc. v. Picur* (1988), 124 Ill. 2d 1, 14-15, 528 N.E.2d 978; *Canteen Corp. v. Department of Revenue* (1988), 123 Ill. 2d 95, 104-05, 525 N.E.2d 73.

We find it unnecessary to consider the validity of Revenue Ruling 7, because the tax may be considered unauthorized under the plain language of the ordinance itself. Section 3—32—030(F) provides:

> "Nothing in this chapter shall be construed to impose a tax upon any transaction or privilege which, under the constitutions of the United States or the state of Illinois, may not be made the subject of taxation by the city." Chicago Municipal Code § 3—32—030(F) (1995).

We note initially that the precursor to this section was first added to section 3—32—030 in mid-1992, subsequent to the tax period of most of the assessments in question. However, it is appropriate to ap-

ply this provision retroactively. Generally, statutory amendments are presumed to apply prospectively; however, if retroactive application is "necessarily implied" in the statute, in light of the nature and objective of the amendment, such construction is proper. (See *Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 309, 522 N.E.2d 1195; *Commonwealth Edison Co. v. Department of Local Government Affairs* (1981), 85 Ill. 2d 495, 426 N.E.2d 817; see also *Continental Illinois National Bank & Trust Co. v. Lenckos* (1984), 102 Ill. 2d 210, 220, 464 N.E.2d 1064.) In this case, there is no express language of retroactivity accompanying this provision. However, the provision neither establishes a new substantive right nor restricts a prior-existing one. It merely articulates what was already inherent in the Ordinance, that any tax imposed by the city may not exceed the bounds of the taxation power sanctioned in section 6 of the Illinois Constitution. (Ill. Const. 1970, art. VII, § 6.) Thus, retroactive application is proper.

In light of our finding that the plaintiffs raised a colorable claim for an unconstitutional tax, they have also sufficiently asserted that the tax exceeded the city's power under the terms of the Ordinance. Accordingly, the court had jurisdiction over the actions pled in counts I and II of the amended complaint. We render no opinion as to the validity of Revenue Ruling 7. In addition, we do not reach the plaintiffs' alternative basis for equity jurisdiction as alleged in count VII, that the Department of Revenue's hearing procedures violated due process.

■ The plaintiffs next assert that based upon principles of fundamental fairness, equity should have assumed jurisdiction over the estoppel claim in count III of the complaint.

Count III sought a declaration that the defendants be estopped from collecting the tax on the converters based upon the actions of an employee. Following a 1988 tax audit, the defendants sent correspondence to the plaintiffs informing them of the transaction tax. The correspondence included a handwritten message from "Jackie," an alleged tax investigator, stating that the tax applied solely to the plaintiffs' remote control units. In alleged reliance upon this statement, the plaintiffs collected taxes from their consumers only for the remotes, causing the plaintiffs later to be assessed with unpaid taxes, interest, and penalties for the converters. The plaintiffs therefore alleged that the defendants should be estopped from collecting the prior taxes for the converters.

Equity may intervene in cases where special circumstances exist or where necessary to ensure fundamental fairness. (See *Illinois Bell*, 60 Ill. 2d at 359.) The plaintiffs have shown no such circumstances in this case.

Where public revenues are involved, the application of estoppel against the government is greatly disfavored and will not lie in the absence of compelling or extraordinary circumstances. (*Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 280 N.E.2d 437.) This is true even where detrimental reliance was present. (*Mr. Car Wash, Inc. v. Department of Revenue* (1975), 27 Ill. App. 3d 931, 934, 327 N.E.2d 88.) It is well established that the government will not be estopped by previous acts or conduct of its agents regarding the determination of tax liabilities or failure to collect a tax. (*Austin*, 51 Ill. 2d at 5; see also *National Service Lines, Inc. v. Edgar* (1985), 129 Ill. App. 3d 729, 731-32, 473 N.E.2d 134.) Estoppel cannot be asserted where the officers of a rulemaking or administrative agency provide misinformation. *Austin*, 51 Ill. 2d at 5; *Mr. Car Wash*, 27 Ill. App. 3d at 934.

Even assuming that Jackie was the defendants' agent, the plaintiffs have failed to allege that they were in any manner justified in relying upon her advice or interpretation regarding the tax laws. Count III fails to demonstrate the "fundamental unfairness" necessary for equity jurisdiction.

The plaintiffs cite cases barring the Department of Revenue from retroactively applying a revised regulation, particularly where the taxpayers acted in reliance upon the former enactment (*Pressed Steel Car Co. v. Lyons* (1955), 7 Ill. 2d 95, 129 N.E.2d 765), and precluding the retroactive enforcement of revised interpretation of a statute, when its prior written rules, regulations, and tax return forms expressly provided to the contrary. (*Illinois Bell Telephone Co. v. Allphin* (1981), 95 Ill. App. 3d 115, 124, 419 N.E.2d 1188.) Neither of these cases involved the issue of estoppel, and both are inapposite to the case at bar.

For the foregoing reasons, we reverse the dismissal of counts I and II of the amended complaint, but affirm the trial court's judgment on count III. As to the dismissal of counts IV, V and VI, the plaintiffs have failed to make any argument on appeal, and thus have waived any claim of error. See 134 Ill. 2d R. 341(e)(7).

Affirmed in part; reversed in part and remanded.

CAHILL and THEIS, JJ., concur.