CHICAGO CITY DAY SCHOOL, Plaintiff-Appellee, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 1—96—0444

Opinion filed June 10, 1997.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Ruth F. Masters, Assistant Corporation Counsel, of counsel), for appellants.

Jerome H. Torshen, James K. Genden, and Robert J. Slobig, all of Torshen, Spreyer & Garmisa, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Plaintiff Chicago City Day School unsuccessfully sought a permit to demolish a coachhouse on its property. It then filed this action, a complaint for *mandamus* and other relief, seeking an order directing defendants Mary Fishman and the Commission on Chicago Landmarks (the Commission) to approve issuance of the permit. Finding that the Commission lacked authority over the matter because of a May 2, 1995, resolution of the Chicago city council (the City Council), the circuit court ordered defendants to issue the demolition permit. Defendants filed a notice of appeal. Subsequently, the permit was issued and plaintiff demolished the coachhouse.

In this appeal, defendants contend that the appeal is moot and that, consequently, the judgment of the circuit court must be vacated. For the reasons that follow, we dismiss the appeal, but deny vacatur of the circuit court's judgment.

The Commission, which was created by the Chicago Landmarks Ordinance (Chicago Municipal Code § 2—120—590 (1992)), *inter alia*, recommends landmark designations and reviews permit applications for the alteration, construction, and demolition of structures in landmark and preliminarily designated landmark districts. In 1989, the Commission recommended the creation of the Hawthorne Place District and gave it a preliminary landmark designation. The issue of landmark designation for the Hawthorne Place District was then sent to the City Council, which has the sole authority to make such a designation. As of May 1995, the City Council had not addressed the question.

On May 2, 1995, in an effort to clear its docket, the City Council passed a resolution that provided "that all matters introduced in the City Council prior to January 1, 1995, on which no action had been taken shall be considered as having 'failed to pass.' " On June 14,

1995, the City Council amended the resolution to exempt "zoning applications, ordinances designating landmarks, orders for privileges in the public way, or ordinances or orders relating to traffic regulations or traffic signs." On July 13, 1995, the resolution was again amended to remove all exemptions, except for zoning applications pending prior to July 13, 1995.

On January 10, 1996, plaintiff applied for a permit to demolish a coachhouse, located on property that had previously received a preliminary landmark designation as the Hawthorne Place District, alleging that the Chicago fire department had found it to be in an unsafe condition. On January 12, 1996, plaintiff filed this action, a complaint for *mandamus* and other relief, seeking an order directing Fishman and the Commission to approve the application. On January 30, 1996, in reliance on the May 2, 1995, resolution of the City Council, plaintiff filed an emergency motion for entry of an order directing issuance of the demolition permit. Plaintiff contended that, under the May 2, 1995, resolution, the proposed landmark designation of the Hawthorne Place District had failed to pass. It argued that because the involvement of the Commission was premised solely on the factually untrue assumption that the coachhouse was located in a landmark district, it lacked authority in the matter. On February 7, 1996, the circuit court granted plaintiff's emergency motion, ordering, *inter alia*, that defendants issue the demolition permit forthwith. That day, defendants filed their notice of appeal.

Subsequently, this court denied defendants' motion for a stay and the supreme court denied their motion for a supervisory order. Although defendants filed a motion to vacate in the circuit court, on March 6, 1996, an employee of defendant City of Chicago's (the City's) Department of Buildings issued the demolition permit. On March 6 and 7, plaintiff demolished the coachhouse. On March 7, the circuit court held that the motion to vacate was moot.

On March 6, 1996, the City Council enacted a "substitute ordinance as amended" that provided that all landmark recommendations submitted by the Commission to the City Council on or before May 1, 1995, would be considered and not regarded as having "failed to pass." Chicago, Substitute Ordinance (March 6, 1996). The City Council also amended the Landmark Ordinance to provide that any landmark recommendation submitted to the City Council after March 6, 1996, would be deemed "do not pass" if not voted "do pass" within 365 days of the recommendation. Chicago Municipal Code § 2—120—705 (1996). On March 26, 1996, the City Council designated the Hawthorne Place District an historical landmark.

Defendants' first contention is that their appeal is moot. Rather

than challenging the merits of the circuit court's decision or moving to voluntarily dismiss or withdraw their appeal, defendants assume this unusual posture in an effort to obtain vacatur of the circuit court's judgment, thereby avoiding a possible *res judicata* or collateral estoppel effect on pending litigation.

■ A case is moot and should be dismissed where no actual controversy exists or where events occur that make it impossible for a reviewing court to grant effectual relief. *Dixon v. Chicago & North Western Transportation Co.*, 151 Ill. 2d 108, 116, 601 N.E.2d 704 (1992); *In re E.G.*, 133 Ill. 2d 98, 105, 549 N.E.2d 322 (1989). Here, the object of the underlying action, the coach house, no longer exists. Accordingly, it is impossible for us to grant effectual relief. This appeal is moot.

■ A technically moot issue may occasionally be considered, however, where " 'the magnitude or immediacy of the interests involved warrant[s] action by the court' or where the issue is 'likely to recur but unlikely to last long enough to allow appellate review to take place because of the intrinsically short-lived nature of the controversies.' " *Dixon*, 151 Ill. 2d at 117-18, quoting *First National Bank v. Kusper*, 98 Ill. 2d 226, 235, 456 N.E.2d 7 (1983). As for the first exception, if a case presents an issue of substantial public interest, a reviewing court will look to three factors: (1) the nature of the question presented, (2) the desirability of an authoritative determination for the future guidance of public officers, and (3) the likelihood of future recurrence of the question. *In re E.G.*, 133 Ill. 2d at 105.

■ Here, the demolition of historical landmarks is certainly a public question. Because the City Council enacted the substitute ordinance and amended the Landmark Ordinance, however, there is neither a need for a prospective authoritative determination nor the likelihood of future recurrence. Furthermore, given the amendments to the Landmark Ordinance, the second exception is also inapplicable to the instant case because this litigation is unlikely to recur. Thus, we decline to review the judgment in the instant case as a matter falling within either exception to the mootness doctrine.

Having determined that the appeal is moot, we turn to defendants' contention that, in addition to dismissing their appeal, we must vacate the judgment of the circuit court and remand the cause for dismissal of the complaint. They rely on a line of cases that has held that vacatur and remand are proper in certain instances to prevent an unreviewable decision standing as precedent. *E.g., George W. Kennedy Construction Co. v. City of Chicago*, 112 Ill. 2d 70, 78, 491 N.E.2d 1160 (1986); *Village of South Elgin v. City of Elgin*, 203 Ill. App. 3d 364, 373, 561 N.E.2d 295 (1990).

Vacatur and remand do not necessarily occur, however, where a case has been rendered moot. For example, in *Donahue v. City of Chicago*, 107 Ill. App. 3d 271, 275, 437 N.E.2d 854 (1982), a case that defendants contend is "indistinguishable" from the instant case, the appellate court simply dismissed the cause as moot, without vacating the judgment of the circuit court. See also *Dixon*, 151 Ill. 2d at 125.

■ An examination of the principles underlying vacatur of moot cases is helpful in determining whether that remedy is proper here. In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 130 L. Ed. 2d 233, 115 S. Ct. 386 (1994) (*U.S. Bancorp*), where a unanimous Supreme Court denied the petitioner's motion to vacate the judgment entered in a case that had become moot by reason of settlement, the Court noted that vacatur is an equitable doctrine that is invoked where a controversy becomes moot " 'due to circumstances unattributable to any of the parties.' " *U.S. Bancorp*, 513 U.S. at 23, 130 L. Ed. 2d at 240, 115 S. Ct. at 390, quoting *Karcher v. May*, 484 U.S. 72, 83, 98 L. Ed. 2d 327, 337, 108 S. Ct. 388, 395 (1987). Because the principal condition to be considered is voluntariness, a party "who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp*, 513 U.S. at 25, 130 L. Ed. 2d at 242, 115 S. Ct. at 391. "The denial of vacatur is merely one application of the principle that 'a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.' " *U.S. Bancorp*, 513 U.S. at 25, 130 L. Ed. 2d at 242, 115 S. Ct. at 392, quoting *Sanders v. United States*, 373 U.S. 1, 17, 10 L. Ed. 2d 148, 162, 83 S. Ct. 1068, 1078 (1963).

Here, defendants had not sought review of the merits only to be "frustrated by the vagaries of circumstance." Although the coach house was demolished by plaintiff, it was the City Council that passed the ill-considered cut-off resolution that provided the legal basis for the demolition and an employee of the City's Department of Buildings who issued the permit.

Moreover, in *U.S. Bancorp*, the Court questioned the fairness of using vacatur as a collateral attack on a judgment where parties have not pursued their statutory remedies. *U.S. Bancorp*, 513 U.S. at 27, 130 L. Ed. 2d at 243, 115 S. Ct. at 392. Here, too, we question whether it would be equitable for defendants to obtain vacatur of a decision, the correctness of which they do not challenge.

We also note that had the City Council not amended the Landmark Ordinance, we could have reviewed defendants' contention that the May 2, 1995, cut-off resolution was a mere administrative act that did not affect the status of the Hawthorne Place District

or other preliminarily designated landmarks on the basis that it was "likely to recur but unlikely to last long enough to allow appellate review to take place because of the intrinsically short-lived nature of the controversies." *Dixon*, 151 Ill. 2d at 117-18. Thus, we conclude that the City's conduct in relation to the matter at hand disentitles it to vacatur.

The appeal is dismissed as moot.

Dismissed.

RAKOWSKI and TULLY, JJ., concur.