SILVER FOX LIMOUSINE, on Behalf of Itself and All Others Similarly Situated, *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 1—97—2059

Opinion filed June 9, 1999.

Allan C. Zuckerman, James Geis, James McGurk, and Santiago Durango, all of Chicago, for appellants.

Brian L. Crowe, Acting Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Julian N. Henriques, Jr., Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiffs provide ground transportation to and from the City of Chicago's airports, among other destinations. They sued the city, seeking a declaration that vehicles carrying passengers to and from the airports are exempt from the city's ground transportation tax and seeking to enjoin the city from collecting the tax. The trial court dismissed plaintiffs' first amended complaint for failure to exhaust administrative remedies and for failure to state a cause of action. Plaintiffs' subsequent motions to reconsider and for leave to file a second amended complaint were also denied. We affirm.

■ Plaintiffs appeal both the dismissal of their first amended complaint and the denial of leave to file a second amended complaint. Both complaints are part of the record. We note that, to preserve review of a complaint, a plaintiff must stand on the dismissed complaint and appeal before filing an amended complaint. *Boatmen's National Bank v. Direct Lines, Inc.*, 167 Ill. 2d 88, 99, 656 N.E.2d 1101 (1995); *Du Page Aviation Corp. v. Du Page Airport Authority*, 229 Ill. App. 3d 793, 800, 594 N.E.2d 1334 (1992). But the loss of the right of review of an earlier complaint is triggered by the *filing* of an amended complaint. Here, plaintiff was denied leave to file a second amended complaint. Under these circumstances, both complaints are properly

before us. The question in this case is academic. The second amended complaint incorporates all the issues raised in the first. Only issues not preserved are deemed abandoned. *Boatmen's National Bank*, 167 Ill. 2d at 99.

■ In considering whether a trial court abused its discretion in denying leave to file an amended complaint, we must decide if: (1) the proposed amendment would cure the defective pleading; (2) other parties would be prejudiced by the amendment; (3) the amendment is timely; and (4) there were earlier opportunities to amend. See *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273, 586 N.E.2d 1211 (1992). The trial judge relied on the failure to cure the defect, pointing out that plaintiffs' factual allegations did not impact the controlling issue in the case: whether plaintiffs established that they need not exhaust their administrative remedies.

■ Plaintiffs argue on appeal that their cause of action falls within two exceptions to the general rule requiring exhaustion of remedies. First, they argue that the city's ground transportation tax falls within an exception recognized by our supreme court in *Owens-Illinois Glass Co. v. McKibben*, 385 Ill. 245, 256, 52 N.E.2d 177 (1943), for taxes unauthorized by law or levied against exempt property. Second, they argue that the city ordinance governing administrative review of revenue cases leaves them without an adequate remedy at law. Plaintiffs also argue that the court erred in refusing to allow them to file the second amended complaint, adding facts to correct possible deficiencies in the first amended complaint. But, as noted earlier, it is the denial of leave to file the second amended complaint that we address.

Chicago's ground transportation tax is imposed on those who offer ground transportation vehicles for hire in the city. The tax is a fixed charge per day on each vehicle used to transport a passenger for hire in the city. Chicago Municipal Code § 3—46—030(A) (amended July 30, 1997) (the Code). Before 1996, the ordinance made no exception for vehicles used in the transportation of passengers in interstate commerce. The ordinance requires all providers subject to the tax to file a monthly tax return with payment. Chicago Municipal Code § 3—46—040 (amended March 26, 1996).

■ In 1995, Congress passed the Interstate Commerce Commission Termination Act (the Act), which reads, in relevant part:

"A State or political subdivision thereof may not collect or levy a tax, fee, head charge, or other charge on—

(1) a passenger traveling in interstate commerce by motor carrier;

(2) the transportation of a passenger traveling in interstate commerce by motor carrier;

(3) the sale of passenger transportation in interstate commerce by motor carrier; or

(4) the gross receipts derived from such transportation." 49 U.S.C. § 14505 (Supp. 1996).

The Act became effective on January 1, 1996.

On March 26, 1996, the city's ground transportation tax ordinance was amended to add the following exemption:

"Notwithstanding any other provision of this chapter, the following uses of a ground transportation vehicle do not subject the license holder of the vehicle to the tax imposed by this chapter:

\*\*\*

B. The use of a ground transportation vehicle that may not be taxed pursuant to the ICC Termination Act of 1995, Pub. L. No. 104—88, § 14505, 109 Stat. 803, 904[.]" Chicago Municipal Code § 3—46—060(B) (amended March 26, 1996).

Plaintiffs allege that they are being improperly taxed for trips to and from the city's airports that are "transportation of a passenger traveling in interstate commerce by motor carrier." Plaintiffs operate in Illinois and Indiana, offering ground transportation to passengers traveling to or from the city's airports, either just before or after travel by airplane.

The first amended complaint alleged that "the [c]ity continues to levy the [g]round [t]ransportation [t]ax upon the interstate component of [plaintiffs'] services." Plaintiffs' first amended complaint did not specify which trips to airports were being improperly taxed. The complaint also alleged that the city had issued "no enforcement policy statement, decision, or guideline \*\*\* giving further meaning to [the] exemption provision."

Plaintiffs' proposed second amended complaint is more precise: plaintiffs only seek review of the applicability of the ground transportation tax to vehicles that transport passengers for hire within Illinois, to and from the city's airports. The proposed second amended complaint alleges that, even though the ground transportation occurs within one state, these trips are prearranged "transportation of passengers travelling in interstate commerce" because the passengers have just traveled, or will soon travel, by air.

In the proposed second amended complaint, plaintiffs allege that every month plaintiffs file tax returns with the city "reflecting the prearranged transportation of airline passengers and personnel to and from the airports." Plaintiffs allege they are "being assessed" for these trips and that they pay the tax under protest. But the second amended complaint also charges the city with failing to provide "sufficient guidance as to what ground transportation vehicles are subject

to, or exempt from the [t]ax." Plaintiffs do not allege that they have pursued an administrative determination or review of the taxes paid, or that they have sought a refund or credit for the taxes paid under protest.

■ With few exceptions, a court of equity will not assume jurisdiction to provide tax relief where there is an adequate remedy at law. See *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 308, 547 N.E.2d 437 (1989); *Communications & Cable of Chicago, Inc. v. Department of Revenue*, 275 Ill. App. 3d 680, 683, 655 N.E.2d 1078 (1995). The exhaustion of administrative remedies doctrine allows full development of the facts before an agency; it allows the agency an opportunity to utilize its expertise; and it may render judicial review unnecessary if the aggrieved party is successful before the agency. See *Illinois Bell Telephone Co. v. Allphin*, 60 Ill. 2d 350, 358, 326 N.E.2d 737 (1975).

■ Plaintiffs allege this case falls within an exception to the exhaustion doctrine carved out by our supreme court in *Owens* for the imposition of a tax unauthorized by law or levied against property exempt from taxation. *Owens*, 385 Ill. at 256. To sufficiently claim that a tax is "unauthorized by law" under *Owens*, the complaint must allege that the tax itself was invalid or that the assessor lacked authority or discretion to impose the tax as applied to the taxpayers. See *Communications & Cable*, 275 Ill. App. 3d at 683.

The city only makes one argument on appeal about the applicability of *Owens*: that the *Owens* exception does not apply to cases where review is provided for under the Illinois Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1996)). *Illinois Bell*, 60 Ill. 2d at 353-54. The city points out that the Chicago Municipal Code has been amended since the trial court judgment, so that the Illinois Administrative Review Law now applies to "final determinations" by the city's department of administrative hearings. Chicago Municipal Code § 2—14—102 (amended April 29, 1998).

■ We are not persuaded by the city's argument. A newly enacted statute will not apply retroactively where it interferes with a "vested right." *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 289, 664 N.E.2d 36 (1996). A vested right is "an expectation that is so far perfected that it cannot be taken away by legislation." *First of America Trust*, 171 Ill. 2d at 290. If plaintiffs had a right to seek an injunction and declaratory judgment under *Owens* without first exhausting administrative remedies, that right was "perfected" when plaintiffs filed suit, and retroactive application of the amended ordinance would not be appropriate.

Furthermore, as plaintiffs point out in a supplemental memoran-

dum filed after oral argument, the amendment to which the city refers makes review under the Administrative Review Law applicable to "[a]ny final decision by the department of administrative hearings that a code violation does or does not exist." Chicago Municipal Code § 2—14—102 (amended April 29, 1998). But there is no code violation at issue here. Plaintiffs have paid their taxes. If the administrative process were triggered, it would be by plaintiffs' request for a credit or refund, not by a challenge to a final decision charging a code violation.

Plaintiffs urge us to consider that the original complaint was filed before the ground transportation tax ordinance was amended to comply with the ICC Termination Act. The earlier ordinance applied without regard to whether the vehicles taxed were transporting passengers in interstate commerce. Plaintiffs frame their argument on appeal as follows: "The court erred when it found that the city, by enacting an amendment to the Chicago ground transportation tax ordinance after plaintiffs filed this complaint, successfully defeated the plaintiffs' right to directly seek redress in the courts from the unauthorized tax." Plaintiffs' apparent argument is that the *Owens* exception applied when the original complaint was filed on January 30, 1996. Plaintiffs maintain that the amended ordinance cannot operate to take away the trial court's power over a case after it has been filed without violating the separation of powers article in the Illinois Constitution. Ill. Const. 1970, art. II, § 1. Plaintiffs cite *Strukoff v. Strukoff*, 76 Ill. 2d 53, 389 N.E.2d 1170 (1979).

■ Our supreme court in *Strukoff* acknowledged that the legislature may not enact laws " 'governing judicial practice' " that " 'unduly infringe upon the inherent powers of the judiciary.' " *Strukoff*, 76 Ill. 2d at 59, quoting *Agran v. Checker Taxi Co.*, 412 Ill. 145, 149, 105 N.E.2d 713 (1952). But the amended ground transportation ordinance at issue here is not a law "governing judicial practice." Nor does the ordinance "unduly infringe upon the inherent powers of the judiciary." The amendment was not directed at the judiciary or this case. It just happened to render plaintiffs' challenge to the ordinance moot. Where a challenged statute is amended while a cause is pending, the question of the preamended statute's validity becomes moot. See *Forest Preserve District v. City of Aurora*, 151 Ill. 2d 90, 94, 600 N.E.2d 1194 (1992). Plaintiffs' original complaint no longer presented an "actual controversy," and dismissal on that ground would have been appropriate. *Chicago City Day School v. City of Chicago*, 289 Ill. App. 3d 55, 58, 681 N.E.2d 126 (1997). Whether plaintiffs' original complaint fell within the *Owens* exception has no bearing on the question of whether the latter complaints present an actual controversy.

An actual controversy subject to equitable relief could still exist af-

ter the amendment of the ground transportation tax ordinance brought it in compliance with federal law. Plaintiffs no longer argue that the ground transportation ordinance is fatally defective on its face because it conflicts with the federal statute. That issue was mooted when the ground transportation tax ordinance was amended to bring it into compliance with federal law. But plaintiffs may still argue that the director of revenue is ignoring the amended ordinance and continuing to impose a tax he is prohibited from imposing by the amended ordinance. As we read the second amended complaint, that is exactly what plaintiffs have attempted to do.

■ Plaintiffs argue that the *Owens* exception continues to apply because, although plaintiffs are properly subject to the ground transportation tax for some vehicles, the tax as applied to other vehicles is unauthorized. We recognize that there is authority for the position that, if the director of revenue imposes a tax beyond the scope of the tax he is authorized to assess, or on exempt property, the *Owens* exception applies. See *Illinois Bell*, 60 Ill. 2d 350. *Illinois Bell* involved the application of a "messages tax" to a telephone company's revenues. The telephone company conceded that some revenue was subject to the challenged messages tax, but challenged the imposition of the tax on several specific items, such as revenues received for the transmission of interstate messages and for services not related to the transmission of messages. *Illinois Bell*, 60 Ill. 2d at 360. The court held that the application of the "Messages Tax Act" (Ill. Rev. Stat. 1971, ch. 120, par. 467.1 *et seq.*) to revenues not taxable under the statute was unauthorized by law, and the tax had been levied on "property exempt from taxation." *Illinois Bell*, 60 Ill. 2d at 362. Similarly, plaintiffs here do not dispute that some of its vehicles are properly taxed under the ordinance. But if the ground transportation tax has, in fact, been *imposed* on vehicles exempt under the ordinance, equity jurisdiction would be proper to enjoin the assessment. But we believe defendants' factual allegations are insufficient to show such an imposition.

We find it odd that neither party places much emphasis on the trial court's reasoning. One of the trial judge's reasons for dismissal was that there had not yet been an imposition of the tax on the allegedly exempt vehicles. The judge ruled:

"Under ordinary principles of tax administration, it is a taxpayer's burden to prove an exemption applies, by claiming the exemption and, if necessary, showing the taxing authority how it applies. *Canteen Corp. v. Department of Revenue*, 123 Ill. 2d 95, 106-07 (1988). *** In failing to assert that Taxpayers have exhausted their administrative remedies, the first amended Com-

plaint demonstrates conclusively that it is filed prematurely and does not present an actual controversy. *Howlett v. Scott*, 69 Ill. 2d 135, 143 (1977).

\* \* \*

Without a sufficient factual basis to render a judgement, the Court's entry of either of the declarations Taxpayers seek is *premature* and certainly will not amount to a determination of rights that may exist between any of the Taxpayers and the Defendant. *Taxpayers are essentially asking this Court to render an advisory opinion on matters which would be at issue in the future.*" (Emphasis added.)

The trial court relied on *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375 (1977), which described the "actual controversy" requirement as follows:

" 'Actual' in this context does not mean that a wrong must have been committed and injury inflicted. Rather, it requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. [Citations.] The case must, therefore, present a *concrete dispute* admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. [Citations.]" (Emphasis added.) *Underground Contractors*, 66 Ill. 2d at 375.

Our review of the added factual allegations in the second amended complaint leads us to the conclusion that the trial court's analysis is sound when applied to that complaint as well. The city's uniform revenue procedures provide that "[t]he director of revenue may determine and assess the amount of any tax due and unpaid." Chicago Municipal Code § 3—4—160 (amended July 10, 1996). The Code does not define "assessment." The Code provides that the director "shall serve written notice of any tax determination and assessment on the person to whom it is issued, demanding payment of all sums due and owing." Chicago Municipal Code § 3—4—160 (amended July 10, 1996).

A taxpayer who believes he paid a tax by mistake may file a claim seeking a credit for or a refund of the tax, and the director of revenue will then issue a "tentative determination" of the claim. Chicago Municipal Code § 3—4—100(I)(1) (amended April 29, 1998). The tentative determination may be contested by filing a written protest within 20 days and the protester is entitled to a hearing before an administrative law officer. Chicago Municipal Code §§ 3—4—100(I)(3), (I)(4) (amended April 29, 1998). After a hearing, an administrative law officer issues a final determination. Chicago Municipal Code § 3—4—100(I)(6) (amended April 29, 1998).

Plaintiffs allege in their first amended complaint that the city "continues to levy" the tax on exempt vehicles. And in the proposed second amended complaint, plaintiffs allege that they "are being assessed" the tax. But plaintiffs do not allege that they have received a written notice of an assessment or determination. Plaintiffs' allegation that they are "being assessed" the tax, without more, is conclusory. A motion to dismiss a complaint admits all well-pleaded facts but does not admit conclusions of law or conclusions of fact not supported by allegations of specific facts. *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 289, 565 N.E.2d 990 (1990). No facts in the complaint support the conclusion that plaintiffs "are being assessed" the tax for exempt vehicles, an allegation which implies an affirmative act by the department of revenue. Plaintiffs have alleged no decision by the department of revenue that requires application of the tax in a proscribed manner, nor a refusal by the department to make such a determination. On the contrary, plaintiffs' allegations show that the department of revenue has failed to indicate one way or another whether vehicles used for intrastate trips to the airports are exempt from the tax. Plaintiffs allege that they continue to file monthly tax returns and pay the tax under protest. Plaintiffs do not allege that they have claimed an exemption for the vehicles used to transport customers to and from airports. Nor do they point to a decision by the director of revenue informing plaintiffs that they may not claim such an exemption. Nor do they allege that they asked the director for his thoughts on how they ought to prepare their returns after the enactment of 49 U.S.C. § 14505 (Supp. 1996).

While payment under protest is clearly sufficient to preserve a plaintiff's objection to the tax and seek a refund or credit (see *In re Application of Rosewell*, 236 Ill. App. 3d 165, 172, 603 N.E.2d 681 (1992)), we believe it is insufficient to establish that the city has imposed an unauthorized tax or "levied" a tax against exempt property so that a plaintiff may avoid the exhaustion of administrative remedies requirement under *Owens*.

Nothing in *Owens* or its progeny states that equitable jurisdiction can be invoked where there has been no *imposition* of a tax. To maintain an action for declaratory relief, there must be an "actual controversy" and the party seeking the declaration must have a tangible, legal interest in that controversy. *Schwanke, Schwanke & Associates v. Martin*, 241 Ill. App. 3d 738, 744, 609 N.E.2d 654 (1992). The argument that there is no "actual controversy" here was among the city's arguments before the trial court. But the city does not make the argument in its appellate brief. Nonetheless, it is one of the grounds upon which the trial judge relied.

Plaintiffs cite no case where the *Owens* exception has been applied despite the lack of an "actual controversy." Our review of the cases applying the *Owens* exception reveals that each case involves some type of "concrete dispute." For instance, in *Illinois Bell*, 60 Ill. 2d 350, and *Communications & Cable*, 275 Ill. App. 3d 680, the plaintiffs had been given written notices of tax liability. In *Owens*, no formal notice of tax liability had been issued, but the Director of Finance of the State of Illinois had issued a ruling by letter to the plaintiff, advising the plaintiff that it had incurred tax liability under the retailers' occupation tax for the sale of bottles to breweries in Illinois. The Director had also demanded that the plaintiff produce its books for examination so that the tax could be assessed. It was clear the State intended to apply the tax in the alleged unauthorized manner. *Owens*, 385 Ill. at 247-48. Our supreme court acknowledged that the exception for unauthorized taxes generally will not apply to a case where "there has been no assessment and no process taken to collect money from the taxpayer." *Owens*, 385 Ill. at 258, citing *Acme Printing Ink Co. v. Nudelman*, 371 Ill. 217, 20 N.E.2d 277 (1939). However, the court reasoned that the Director of Finance had taken "a course of action which determines an occupation is taxable" and had compelled the plaintiff to make a return and produce its records. *Owens*, 385 Ill. at 259. The court explained that the Director's actions amounted to a determination that the occupation was taxable and that "[i]n either event unless the action is restrained the taxpayer is required to pay unauthorized taxes." *Owens*, 385 Ill. at 259.

Plaintiffs' complaints present a case unlike *Illinois Bell, Cable* or *Owens* in that plaintiffs allege no action taken by the city or the department of revenue to apply the ground transportation tax to allegedly exempt property. The director of revenue has not spoken on the issue.

We must presume that a validly enacted statute will be enforced. *Kerr-McGee Chemical Corp. v. Department of Nuclear Safety*, 204 Ill. App. 3d 605, 610, 561 N.E.2d 1370 (1990). Until the department of revenue makes a formal assessment or makes clear its intent to impose the tax, as did the Director of Finance in *Owens*, we cannot conclude that the director of revenue has acted in an unauthorized manner. Plaintiffs fault the city for its lack of action and failure to articulate what qualifies as an exemption. Whatever the merit of this argument, the factual allegations undermine plaintiffs' contention that an unauthorized tax has been "imposed" or "levied" against them such that the *Owens* exception applies here.

We next address plaintiffs' argument that they are not required to exhaust their administrative remedies because the administrative

review procedure under the Code does not afford an adequate remedy at law. See *People ex rel. Fahner v. American Telephone & Telegraph Co.*, 86 Ill. 2d 479, 486, 427 N.E.2d 1226 (1981). The city's uniform revenue procedures ordinance provides:

> "No credit or refund shall be allowed for any amount paid or remitted in error unless:
> (1) *** [T]he taxpayer either:
> (a) Bore the burden of paying the tax and did not shift the burden to another person, or
> (b) Shifted the burden of paying the tax to another person, but has unconditionally repaid the tax to that person[.]" Chicago Municipal Code § 3—4—100(E) (amended April 29, 1998).

Plaintiffs argue that, to the extent that they have passed on the burden of the tax to their customers since January 1, 1996, "they will never be able to recover the unauthorized tax paid to the City."

An adequate remedy at law is one that is " 'clear, complete, and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy.' " *American Telephone & Telegraph Co. v. Village of Arlington Heights*, 174 Ill. App. 3d 381, 388, 528 N.E.2d 1000 (1988), quoting *K.F.K. Corp. v. American Continental Homes, Inc.*, 31 Ill. App. 3d 1017, 1021, 335 N.E.2d 156 (1975).

Plaintiffs' first and second amended complaints, tellingly, do not allege whether plaintiffs have, in fact, passed on the cost of the tax to their customers. If plaintiffs have borne the cost of the tax without passing it on to their customers, they have a remedy: they do not dispute that the procedures set out in the Code allow them a credit or refund. But if plaintiffs passed on the tax to their customers, plaintiffs are not the actual "taxpayers"—the customers are. The ordinance—which plaintiffs allege deprives them of an adequate remedy at law—simply prevents ground transportation providers from receiving a windfall by recovering the amount of the tax twice and ensures that the actual taxpayer receives the benefit of a refund or credit.

In their supplement to oral argument on this issue, plaintiffs say:

> "In this case if each taxpayer is forced to proceed administratively, instead of being permitted to seek equitable relief, the taxpayers will not have an adequate remedy because they will be saddled with a virtually impossible accounting burden in order to get their money back from the City. Then, if they do meet that burden, it will be left to the City's discretion to decide whether the taxpayers get their money back or instead are allowed credits against future tax liabilities that they may never have."

A curious argument from someone who is not suing on behalf of the customer-taxpayers, but this much may be said for it: the argu-

ment assumes that plaintiffs passed the tax on to their customers and that they (not the plaintiffs) have been deprived of an adequate remedy at law. If plaintiffs have passed on the tax (though they do not so plead), refunds coming to them would be held in trust for their customers. Plaintiffs would certainly not contemplate keeping refunds to which they were not entitled. Yet, with refunds in hand, plaintiffs would be saddled with the same accounting burdens they wish to spare their customers. Unless, of course, plaintiffs retained the refunds and forced their customers to sue them. We doubt that plaintiffs would want their customers suing them rather than the tax collector.

In any event, plaintiffs have not pled that they either "bore" or "shifted" the burden and unconditionally repaid the tax. Their standing to contest the revenue procedures ordinance under these circumstances is suspect. Standing requires that the plaintiffs be injured or threatened with injury, and addresses the question of whether the litigant is the proper party to fight the lawsuit, not whether the issue itself is justiciable. *In re Marriage of Burgess*, 302 Ill. App. 3d 807, 811, 707 N.E.2d 125 (1998), citing Black's Law Dictionary 1405 (6th ed. 1990).

Affirmed.

CERDA and McBRIDE, JJ., concur.